[Promissory Note.   Pleadings.]

## The President, Directors, and Company, of the Bank of the United States *against* Smith.

On a demurrer to evidence, the judgment of the Court stands in the place of the verdict of the jury; and the defendant may take advantage of any defects in the declaration, by motion in arrest of judgment, or by writ of error.

*It seems*, that, as against the *maker* of a promissory note, or against the *acceptor* of a bill of exchange, payable at a particular place, no averment in the declaration, or proof at the trial, of a demand of payment at the place designated, is necessary.

But, as against the *endorser* of a bill or note, such an averment and proof, is, in general, necessary.

Where the bill or note is made payable at a particular bank, and the

1826.

U S. Bank
v.
Smith.

bank itself is the holder, such averment and proof may be dispensed with ; and all that is necessary is, for the bank to examine the account of the maker with them, in order to ascertain whether he has any funds in their hands.

On a demurrer to evidence, the Court is substituted in the place of the jury as judges of the facts, and every thing which the jury might reasonably infer from the evidence, is to be considered as admitted.

The practice of demurring to evidence is to be discouraged, and Courts will be extremely liberal in their inferences where the party takes the question of fact from the appropriate tribunal.

Proof necessary to support an action against the endorser of a bill or note.

ERROR to the Circuit Court for the District of Columbia.

Feb. 7th.

This cause was argued by Mr. *Lear,* for the plaintiffs,[a] and by Mr. *Taylor,* for the defendants.[b]

Feb. 13th.

Mr. Justice THOMPSON delivered the judgment of the Court.

This case comes before the Court on a writ of error to the Circuit Court for the District of Columbia, and the questions presented for consideration grow out of a demurrer to the evidence, and out of exceptions taken to the declaration.

The action is by the plaintiffs, as endorsees,

a He cited 2 *H. Bl.* 509. 3 *Mass. Rep.* 403. 3 *Mass. Rep.* 524. 12 *Mass. Rep.* 403. 8 *Mass. Rep* 480. 1 *Wheat. Rep.* 373. *Dougl. Rep.* 132. 218. 1 *Johns. Rep.* 241. 5 *Johns. Rep.* 1. 2 *Wash. Rep.* 253.

b He cited 2 *Brod. & Bingh.* 165. 17 *Johns. Rep.* 248. *Chitty on Bills;* 321.

against the defendant, as endorser of a promissory note drawn by William Young. The note is made payable at the office of discount and deposit of the Bank of the United States, in the city of Washington. And the questions which have been raised and argued, relate, in the first place, to the sufficiency of the averment in the declaration of a demand of payment of the drawer of the note ; and, secondly, to the sufficiency of the evidence to sustain the plaintiffs' right of recovery. It is alleged, however, on the part of the plaintiffs, that this Court cannot look beyond the demurrer, to the evidence, and inquire into defects in the declaration. This position cannot be sustained. The doctrine of the King's Bench, in England, in the case of *Cort* v. *Birkbeck,* (*Dougl. Rep.* 208.) that, upon a demurrer to evidence, the party cannot take advantage of any objections of the pleadings, does not apply. By a demurrer to the evidence, the Court in which the cause is tried is substituted in the place of the jury And the only question is, whether the evidence is sufficient to maintain the issue. And the judgment of the Court upon such evidence, will stand in the place of the verdict of the jury. And, after that, the defendant may take advantage of defects in the declaration, by motion in arrest of judgment, or by writ of error. But, the present case being brought here on writ of error, the whole record is under the consideration of the Court; and the defendant, having the judgment of the Court below in his favour, may avail himself of all defects in the declaration,

*margin notes:*

1826.

U. S. Bank
v.
Smith.

The rule, that upon a demurrer to evidence, the party cannot object to the pleadings, not applicable here.

1826.   that are not deemed to be cured by the ver-
U. S. Bank   dict.
v.          The objection to the declaration is, that it
Smith.   does not contain an averment, that a demand of
payment of the maker of the note, was made at
the place where it was made payable.

Rule of plead-   It is a general rule in pleading, that where any
ing as to neces-
sary aver-  fact is necessary to be proved on the trial, in or-
ments.   der to sustain the plaintiffs' right of recovery, the
declaration must contain an averment substan-
tially of such fact, in order to let in the proof.
But the declaration need not contain any aver-
ment which it is not necessary to prove. For
the purpose, therefore, of determining whether
the declaration in this case is substantially defec-
tive, for want of an express averment that de-
mand of payment of the maker was made at the
office of discount and deposit of the Bank of
the United States, in the city of Washington, it
is proper to inquire whether proof of that fact
was indispensably necessary to entitle the plain-
tiffs to recover.

How far an   Whether, where the suit is against the *maker*
averment, or
proof of de-  of a promissory note, or the *acceptor* of a bill of
mand of pay-
ment at the exchange, payable at a particular place, it is ne-
place desig-
nated, as a-  cessary to aver a demand of payment at such
gainst the place, and, upon the trial, to prove such demand,
*maker* of a
note, or *ac*-  is a question upon which conflicting opinions
*ceptor* of a bill,
is necessary.  have been entertained in the Courts in Westmin-
ster Hall. But, that question may, perhaps, be
considered at rest in England, by the decision
in the late case of *Rowe* v. *Young,* (2 *Brod. &
Bingh.* 165.) in the House of Lords. It was

there held, that if a bill of exchange be accepted payable at a particular place, the declaration in an action on such bill against the *acceptor*, must aver presentment at that place, and the averment must be proved. A contrary opinion has been entertained by Courts in this country, that a demand on the maker of a note, or the acceptor of a bill payable at a specific place, need not be averred in the declaration, or proved on the trial. That it is not a condition precedent to the plaintiffs' right of recovery. As matter of practice, application will generally be made at the place appointed, if it is believed that funds have been there placed to meet the note or bill. But, if the maker or acceptor has sustained any loss by the omission of the holder to make such application for payment at the place appointed, it is matter of defence to be set up by plea, and proof. (4 *Johns. Rep.* 183. 17 *Johns. Rep.* 248.)

This question, however, does not necessarily arise in the case now before the Court, and we do not mean to be understood as expressing any decided opinion upon it, although we are strongly inclined to think, that, as against the maker or acceptor of such a note or bill, no averment, or proof of demand of payment at the place designated, would be necessary.

But, when recourse is had to the *endorser* of a promissory note, as in the present case, very different considerations arise. He is not the original and real debtor, but only surety. His undertaking is not general, like that of the maker, but conditional, that if, upon due diligence hav-

1826.

U. S. Bank
v.
Smith.

As against the *endorser* of a. bill or note, an averment, and proof of demand of payment, at the place designated, is, in general, necessary.

ing been used against the maker, payment is not received, then the endorser becomes liable to pay. This due diligence is a condition precedent, and an indispensable part of the plaintiffs' title, and right of recovery, against the endorser. And when, in the body of the note, a place of payment is designated, the endorser has a right to presume, that the maker has provided funds at such place to pay the note, and has a right to require of the holder to apply for payment at such place. And whenever a note is made payable at a bank, and the bank itself is not the holder, an averment, and proof of the demand at the place appointed in the note, are indispensable. In the present case, the bank at which the note is made payable is the holder, and the question arises, whether, in such case, an averment and proof of a formal demand are necessary. If no such proof could be required, the averment would be immaterial, and the want of it could not be taken advantage of upon a writ of error.

In the case of *Saunderson and Others* v. *Judge*, (2 *H. Bl. Rep.* 509.) the plaintiffs, at whose house the note was made payable, being themselves the holders of the note, it was held to be a sufficient demand for them to turn to their books, and see the maker's account with them, and it was deemed a sufficient refusal, to find that the maker had no effects in their hands. So, in the case of the *Berkshire Bank* v. *Jone.*, (6 *Mass. Rep.* 524.) decided in the Supreme Judicial Court of Massachusetts, Chief Justice Parsons.

in delivering the opinion of the Court, said, that,
" the plaintiffs being the holders of the note, we
must presume it was in their bank, and there it
was made payable.   They were not bound to
look up the maker, or to demand payment of
him at any other place.   The defendant, by his
endorsement, guarantied, that on the day of pay-
ment the maker would be at the bank and pay
the note, and if he did not pay it there, he agreed
he would be answerable for it without previous
notice of the default of the maker."   The rule
here laid down has received the sanction of that
Court in subsequent cases, (12 *Mass. Rep.* 404.
14 *Mass. Rep.* 556.) and is founded in good
sense and practical convenience, without in any
manner prejudicing the rights of the maker, or
the endorser of the note.   The endorser, know-
ing that the maker has bound himself to pay the
note at a place appointed, has a right to expect
that he will provide funds at that place to take
up the note; and he will be more likely to be ex-
onerated from his liability, by having the demand
made there, than upon the maker personally.
But, if the bank where the note is made payable
is the holder, and the maker neglects to appear
there when the note falls due, a formal demand
is impracticable by the default of the maker.  All
that can in fitness be done, or ought to be re-
quired, is, that the books of the bank should be
examined, to ascertain whether the maker had
any funds in their hands; and, if not, there was a
default, which gave to the holder a right to look

1826.

U. S. Bank
v.
Smith.

to the endorser for payment. And even this examination of the books was not required in the cases cited from the Massachusetts Reports. The maker was deemed in default by not appearing at the bank to take up his note when it fell due.

Where the bank is the holder, it is only necessary for them to examine their books, and ascertain whether the maker has any funds in their hands.

We should incline, however, to think, that the books of the bank ought to be examined, to ascertain whether the maker had any balance standing to his credit; for, if he had, the bank would have a right to apply it to the payment of the note; and no default would be incurred by the maker, which would give a right of action against the endorser.

The averment in this case sufficient.

The declaration in this case does contain an averment that the note was presented to the maker, that he refused to pay it, and that notice of the non-payment was given to the endorser. Whether this averment is broad enough to admit all the proof necessary to sustain the action against the endorser, is the question which arises upon the declaration. If, by reason that the bank where the note was made payable was the holder, no personal presentment or demand of the maker, could be required, the averment, so far as it asserts such presentment, is surplusage, and no proof was necessary to support it. What, then, in such case, is a presentment of the note? It would be an idle ceremony to require the bank to take the note from its files, and lay it upon the counter, or make any other public exhibition of it. All that could be required is, that the note be there, ready to be delivered up if payment should be offered. When the note

is held by a third person, it is practicable, and there is a fitness in requiring the holder to inquire at the bank for the maker, and whether he has provided any funds there to pay the note. But when the bank itself is the holder, it would be impracticable for it to make such inquiry in any other manner than by ascertaining that the note was there, and examining the books to see if the maker had any funds in the bank. If the note was there, it was a *presentment*, and if the maker had no funds in the bank, it was a *refusal* of payment, according to the legal acceptation of these terms under such circumstances.

The evidence upon the trial was introduced under this averment without objection, and if that is sufficient to entitle the plaintiff to recover, the Court ought not readily to yield to technical objections, where the defendant has had the full benefit of whatever defence he had to make. Under this state of the case, we think, the exception taken to the declaration cannot prevail. And, the next inquiry is, whether the evidence to which the defendant demurred was sufficient to sustain the action.

By this demurrer, the defendant has taken the questions of fact from the jury, where they properly belonged, and has substituted the Court in the place of the jury, and every thing which the jury could reasonably infer from the evidence demurred to, is to be considered as admitted. The language of adjudged cases on this subject is very strong, to show that the Court will be extremely liberal in their inferences, where the

*A demurrer to evidence admits every fact which the jury may reasonably infer from the evidence.*

*Practice of demurring to evidence discouraged.*

party, by demurring, will take the question from the proper tribunal. It is a course of practice, generally speaking, that is not calculated to promote the ends of justice. If the objection to the sufficiency of the evidence is made by way of motion for a nonsuit, it might be removed by testimony within the immediate command of the plaintiff. The deficiency very often arises from mere inadvertence, and omission to make inquiries, which the witnesses examined could probably answer.

Proof necessary to support the action.

In order to determine whether the evidence was sufficient to support the action, it is proper to state what proof was necessary.

The plaintiffs, to entitle them to recover, were bound to show that they were the endorsees and holders of the note ; that the note was at the bank, where it was made payable at the time it fell due ; that the maker had no funds there to pay the note ; and that due notice of the default of the maker was given to the defendant.

Proof actually given in this case.

The endorsement of the note to the plaintiffs, and that it was discounted in the office of discount and deposit of the Bank of the United States at Washington, where it was made payable, was fully proved. And the jury would have had a right to presume, that the note was then at the bank, where it was discounted ; and the bank being the holder and owner of the note, the presumption, at least *prima facie*, is, that it remained in the bank, to be delivered up when paid. This establishes the two first points ; and, to show that the maker had no funds in the bank,

the book-keeper was examined as a witness, who swore, that on the 19th day of July, 1817, when the note fell due, there was no balance to the credit of the drawer, or either of the endorsers, on the books of the bank. And the remaining question is, whether due notice of the default of the maker was given to the defendant. The only objection to the sufficiency of the evidence on this point is, that the notice of non-payment was left at the post office in the city of Washington, addressed to the defendant at Alexandria, without any evidence that that was his place of residence. The testimony on this point is that of Michael Nourse, a notary public, who swore, that on the day the note fell due, he presented it at the store of the defendant, and demanded payment of his clerk, who replied, that Mr. Young was not within, and he would not pay it. And that, on the same day, he put in the post office notice of non-payment, addressed to the defendant at Alexandria. If the defendant's place of residence was Alexandria, it is not denied but that due and regular notice was given him. The notary was a sworn officer, officially employed to demand payment of this note, and it is no more than reasonable to presume that he was instructed to take all necessary steps to charge the endorsers. This must have been the object in view in demanding payment of the maker. And it is fair, also, to presume, that he made inquiry for the residence of the defendant before he addressed a letter to him; for it is absurd to suppose he would direct to him at that

1826.

U. S. Bank
v.
Smith.

place, without some knowledge or information that he lived there, this being the usual and ordinary course of such transactions, and with which the notary was, no doubt, acquainted. The jury would, undoubtedly, have been warranted to infer, from this evidence, that the defendant's residence was in Alexandria. If that was not the fact, this case is a striking example of the abuse which may grow out of demurrers to evidence. For, a single question to the witness would have put at rest that point, one way or the other, if the least intimation had been given of the objection. It was, manifestly, taken for granted by all parties, that the defendant lived at Alexandria. And if a party will, upon the trial, remain silent, and not suggest an inquiry, which was obviously a mere omission on the part of the plaintiff, a jury would be authorized to draw all inferences from the testimony given, that would not be against reason and probability; and the Court, upon a demurrer to the evidence, will draw the same conclusions that the jury might have drawn.

We are, accordingly, of opinion, that the evidence was sufficient to entitle the plaintiffs to recover. That the judgment of the Court below must be reversed, and the cause sent back, with directions to enter judgment for the plaintiffs, upon the demurrer to evidence, for the amount of the note, and interest.

JUDGMENT. This cause came on, &c. On consideration whereof, it is ORDERED and ADJUDGED, that the judgment of the said Circuit

Court, on the demurrer to evidence in the said cause, be reversed. And it is further ORDERED and ADJUDGED, that the said cause be remanded to the said Circuit Court, with instructions that judgment be entered there on said demurrer, for the plaintiffs in the cause; and, further, that the Court there do render judgment on the contingent verdict found for the plaintiffs, according to the tenor thereof, with costs, &c.[a]

*1826.*

U. S. Bank
v.
Smith.

[a] The demurrer to evidence is an unusual and antiquated practice, which this Court, and other Courts, have recently endeavoured to discourage, as inconvenient, and calculated to suppress the truth and justice of the cause. It is allowed or denied by the Court, where the cause is tried, in the exercise of sound discretion, under all the circumstances of the case; and, *it seems*, that *the exercise of this discretion cannot be made the foundation of a writ of error.* The party demurring is bound to admit as true, not only all the facts proved by the evidence introduced by the other party, but, also, all the facts which that evidence legally may conduce to prove. It follows, that it ought never to be admitted, where the party demurring refuses to admit the facts which the other side attempts to prove; nor where he offers contradictory evidence, or attempts to establish inconsistent propositions. (Young v. Black, 7 *Cranch's Rep.* 565. See also, Powling and Others v. The United States, 4 *Cranch's Rep.* 219. *Phill. Evid.* 216, 217. *Bull. N. P.* c. 4. p. 313.)