Orange,
March,
1832.

## ISABELLA SMITH *vs.* JOHN L. WOODS.

Where, in an action of *account,* it appeared the defendant, as the agent of the plaintiff, had taken notes payable to himself, for the benefit of the plaintiff, payable on a certain day at a particular bank, which notes had been accordingly paid by the maker at the time and place appointed, after the commencement of the action,—it was held that such payment was a payment to the defendant, and that he was accountable to the plaintiff for the amount of the notes—a demand having been made on the defendant to account for the notes before the suit was commenced, and he having refused so to do.

In such case an endorsement of the notes by the defendant :o the plaintiff, and a delivery of them to the auditor, at the time of the trial, will not be considered an accounting which will discharge the defendant from his liability.

This was an action of *account* against the defendant as bailiff and receiver of certain notes signed by Andy L. Smith, and another person, as his bail ; and of certain monies received by the defendant upon said notes.  Plea, *that the defendant was not bailiff and receiver to the plaintiff.*  Issue joined, and verdict for the plaintiff, *that the defendant was his bailiff and receiver, and ought to account ;* upon which verdict judgement was rendered by the county court, *that the defeudant ought to account.*  But on the trial of this issue a number of questions were raised, and decided by the county court, to which the defendant excepted ; and the

ORANGE,
March,
1832.

Smith
vs.
Woods.

exceptions came to this Court, and were decided at their March term, 1831, (see 3 Ver. Rep. 485,) when the judgement of the county court was affirmed, and Jeduthan Loomis was appointed auditor to state and report the accounts of the parties to this Court, who at this term made his report accordingly. The report, among other things, stated, that the plaintiff claimed that the defendant account to her for monies received by him to her use, as her bailiff and receiver ; and that the defendant claimed to be allowed against the plaintiff the several sums expressed in his account rendered ; that he had examined and adjusted the said accounts, and found the defendant in arrear to the plaintiff the sum of *one hundred and thirty four dollars and ninety-eight cents.* The report further stated, " That the two last notes with which *Woods* is charged in the account, were of the following tenor, to wit: " For value received we jointly and severally promise to " pay *John L. Woods* or order, at the *Geneva Bank,* one hundred " dollars in four years.—12th April, 1825. *Andy L. Smith, Ira* " *Davenport.*" Both of the notes were similar, except that one was payable in four, and the other in five years, years. These notes were presented by *Woods* before the auditor on the thirty-first day of August, 1831, and then and there, in the presence of the auditor, endorsed, " without recourse," by *Woods* to said *Isabella,* and laid before the auditor, as and for a delivery of the notes to said *Isabella,* and as accounting for the same. But it was also proved before the auditor, that said two notes had been paid at the Geneva Bank by the signers agreeably to the tenor thereof; which payment was after the commencement of this suit ; and that said *Woods* had notice of said payment long before he endorsed the notes to said *Isabella.* Upon these facts the auditor found and adjudged the said payment to be a payment to *Woods,* for the purpose of charging him with the amount of said two notes in account, as aforesaid. The auditor has deposited the two notes in the hands of the clerk of the Supreme Court, to be delivered to *Woods,* if the report be accepted by said court ; if not accepted, to be delivered to whom said court may order and direct. The auditor further found that before this suit was commenced, said *Isabella* requested *Woods* to settle and account with her in the premises ; and *Woods* neglected and refused so to do."

The defendant filed exceptions to the report, which were now argued by counsel.

ORANGE,
March,
1832.

Smith
vs.
Woods.

*Smith* and *Peck*, for the defendant.—1st. The defendant, by taking the notes in question, payable to himself, could not be charged for their amount without some other act, such as claiming them in his own right ; for, in order to be available, they must have been made payable to the defendant, or some third person, as the plaintiff, at the time they were executed, was a *feme covert* —the wife of one of the makers.

2nd. The report shews, that at the commencement of the suit, there was a balance due from the plaintiff to defendant of $75, for his services and expenses as agent to the plaintiff; and it is insisted that, for this balance, he had a lien on all the funds in his hands, which could not be called out until the lien was discharged by a payment or tender of the general balance. This not having been done, judgement should be entered for defendant.

3rd. If the defendant was not chargeable for the amount of the notes, at the time the present suit was instituted, it is difficult to see on what principle he can *now* be made liable for them. If he is charged, then we have the somewhat novel principle established, that a defendant, who is not liable at the commencement of the suit, may become so in its conclusion, and this, too, by no act of his own. In the case at bar, the court are called upon to charge the defendant for the money paid into the Geneva Bank, for the express and only purpose, of charging him with the costs of this suit, when he refused to receive the money, or in other words, to take it out of the bank. The commencement of this suit operated as a revocation of the defendant's agency ; at all events, he had a right to view it as suspending his agency, and all the law would require of him, would be, to preserve the property in his possession from waste. He could not be required to enforce collections and receive payments while the suit was pending, the direct effect of which might be to aid the plaintiff in sustaining her suit. It is true, that in an action on book account, under our statute, the auditor is to audit all claims up to the time of hearing ; and admitting the same principle to apply to an action of account at common law, yet it is only to be extended to those cases where property or payments are received *voluntarily*. But,

4th. Depositing the money at the bank was no payment of the notes. Should the plaintiff institute a suit on these notes, the makers, in order to defeat a recovery against them for damages and costs, would be obliged to plead the payment at the bank with a *profert in curia*. The only legal effect of this payment was that of a tender.—(*Carley* vs. *Vance*, 17 *Mass. R.* 389 ; *Eldred* vs.

ORANGE,
March,
1832.

Smith
vs.
Woods.

*Hawes,* 4 *Con. Rep.* 465 ; *Faden et al.* vs. *Sharp.* 4 *Johns. R.* 183 ; *Wolcott, admx.* vs. *Van Santvoord,* 17 *ibid.* 248 ; *Wild* vs. *Rennards,* 1 *Camp.* 425, *n.; Lyon* vs. *Sunding et al. ibid.* 423 ; *Nichols* vs. *Bowes,* 2 *Camp.* 498 ; *Fenton et al.* vs. *Goundry,* 13 *East.* 459 ; *Saunderson* vs. *Judge,* 2 *H. Bla.* 509 ; *Head* vs. *Sewell, Holt's Rep.* 365 ; *Macbridge* vs. *Woodruff,* 2 *Stark. Rep.* 253 ; *Caldwell* vs. *Cassidy,* 8 *Cowen's Rep.* 271 ; *U. S. Bank* vs. *Smith,* 11 *Wheat.* 171.) If this position be correct, then, the defendant may as well be charged for all the notes, as for the two that were paid into the bank.

5th. In *account,* returning the property, as it was at the commencement of the suit, is good accounting ; and the defendant having delivered up the notes, at the audit, for the use of the plaintiff, should not be charged for them.

*Burbank, for plaintiff,* contended, that the defendant was accountable for the two notes on which the money had been paid to the defendant, according to the tenor of the notes—that after their payment the notes were of no value, and the plaintiff was not under the least obligation to receive them.

BAYLIES, J., *delivered the opinion of the Court.*—The two first points, which the defendant makes, were decided by this Court at their last term in this action, and are not now open for discussion.—*(3 Vt. Rep.* 485.) The other points urged by the defendant in argument, may be considered together, and disposed of at once. The defendant contends that depositing the money at the bank, was no payment of the notes. Should the plaintiff institute a suit on these notes, the makers, in order to defeat a recovery against them for damages and costs, would be obliged to plead the payment at the bank with a *profert in curia.* To establish this position, several cases are referred to, in which the following principles are disclosed : To an action upon a promissory note to pay money at a day and place certain, the defendant pleads in bar, in effect, that he was, at the day and place appointed, ready with his money to discharge his promise, but the promissee was not there to receive it ; and that the money has ever since remained at the place for the promissee's use. The plea was held bad, for want of a *profert in curia.*—*(17 Mass.* 389.)

In an action by the payee against the maker of a promissory note, payable at a particular place, a demand at the place specified is not a condition precedent to the plaintiff's right of recovery,

ORANGE.
*March,*
1832.

Smith
*vs.*
Woods.

and need not therefore be averred in the declaration.    *(4 Con. Rep.* 465.)

The holder of a bill of exchange need not show a demand of payment of the acceptor, any more than of the maker of a note. It is the business of the acceptor to show, that he was ready, at the day and place appointed, but that no one came to receive the money, and that he was always ready, afterwards to pay.—*(4 John. Rep.* 183.)

If a promissory note is made payable at a particular place, in an action against the maker, there is no necessity for proving, that it was presented there for payment.—*(1 Camp. Rep.* 425, *n.)*

In an action against the maker of a promissory note, expressed to be payable at a particular place, there is no necessity for proving it was presented there for payment.—*(2 Camp. Rep.* 498.)

In a count against the acceptor of a bill of exchange, stated to be *accepted payable at S. & Co's,* it is sufficient to allege generally a request by the plaintiff to the defendant to pay the bills, without alleging, that it was presented for payment *at the particular place.*—(13 *East,* 459.)

If A make a promissory note payable to B, or order, with a memorandum upon it, that it will be paid at the house of C, who is A's banker, and, in the course of business, the note is indorsed to C; in an action by C against the endorser, it is not necessary to prove an actual demand on A. If a note be made payable at a particular house, a demand of payment at that house is a demand on the maker.—(2 *H. B.* 509.)

It *seems* that as against the maker of a promissory note, or against the acceptor of a bill of exchange payable at a particular place, no averment in the declaration, or proof at the trial, of a demand of payment at the place designated is necessary.—(11 *Wheat.* 171.)

I am not disposed to question the correctness of the above principles ; but I do not see, that they can be applied, so as to affect the case at bar. In this case, the report of the auditor says, *"that said two notes had been paid at the Geneva Bank by the signers thereof agreeably to the tenor of said notes."* Where there was *actual payment* of the notes, as in this case, if the signers were sued on the notes, it would not be necessary for them to plead, that they were ready at the time and place, with their money to pay, &c., and make *profert in curia,* according to 17 *Mass,* 389 ; but they might plead payment specially, or give it in evi-

ORANGE,
March,
1832.

Smith
vs.
Woods.

dence under the general issue. If the money was left at the bank with some third person to pay over to *Woods*, when he called for it, without such person having any authority from *Woods* to receive the money in payment of the notes, the facts should have been so stated in the report. But from the report, we are left to conclude, that *Woods* had an agent at the bank to receive the money, and give him notice. Payment to such agent was payment to *Woods* himself, and he should be accountable for the money received on the notes, and not for the notes themselves, which were rendered of no value by payment. The defendant's exceptions to the report are overruled ; the report is accepted by the court, and judgement rendered thereon for the sums reported, with additional costs. The notes are to be disposed of according to said report.