Circuit Court, District of Columbia. March Term, 1837.

PARTNERSHIP — SUIT AT LAW BETWEEN PARTNERS —EXPRESS PROMISE TO PAY BALANCE DUE.

1. If there has been no settlement of the partnership accounts, one partner cannot maintain an action at law against the other for any matter relating to their partnership affairs.

2. Although the partnership accounts may have been settled, and a balance acknowledged to be due by one partner to another, yet the creditor partner cannot maintain an action at law for that balance without proving an express promise, by the debtor partner, to pay it.

Assumpsit, upon the common money counts.

The plaintiff [William Pote, for the use of W. L. Brent] and defendant [William Philips] had been partners in merchandise, and on the trial at March term, 1836, in order to prove a settlement of the partnership concerns, and an acknowledgment of a balance due by the defendant to the plaintiff, he offered the testimony of —— Wilson, who testified, that on some day, the particular time or year, he could not recollect, the plaintiff and defendant met at the plaintiff's shop on Twelfth street west and Pennsylvania avenue, and the account books of the plaintiff and defendant were produced. The plaintiff told the defendant that he, the defendant, owed him about $1,200. The defendant said that he did not owe him so much. The plaintiff then asked him how much he owed him; and the defendant said he owed him about $1,000, but he would never settle or pay a cent until the plaintiff produced an account which he had rendered to the defendant, and which the defendant falsely said that the witness had stolen from him. The plaintiff and defendant had been in partnership under the firm of William Philips & Co. in a business of buying wood and other things in a shop and on a wharf near the Washington bridge, the capital of which concern was furnished principally by the plaintiff. That the book produced by the defendant was a partnership book kept by the defendant at the shop and wharf. That the plaintiff's book was his individual book, kept by him in a different shop in which he carried on a sole business, in a different part of the city, and in which he had charged William Philips & Co. with articles of merchandise and cash. That the object of the meeting on the part of the plaintiff, was a settlement of the partnership account, and of his account against the defendant individually. Also the testimony of Richard Wright, who testified that there had been an attempt to arbitrate the accounts; and that he had been requested by the plaintiff to act as his agent in stating and settling the accounts. That there had been several meetings between the plaintiff and defendant, at one of which the books of both parties were produced, and this witness extracted from both, the items admitted by the parties, which were added up on both sides; and the balance in favor of the plaintiff was about $1,150. That in this account, thus stated, he charged the defendant with all the items charged by the plaintiff, as well against the defendant personally, as against the firm of William Philips & Co.

Before CRANCH, Chief Judge, THRUSTON, Circuit Judge, and MORSELL, Circuit Judge.

[1] [Reported by Hon. William Cranch, Chief Judge.]

THE COURT, at the prayer of the defendant's counsel, instructed the jury that if they should be satisfied, by the evidence, that there had been no settlement of the partnership accounts, and that the plaintiff's claim is upon matters relating to their partnership affairs, the plaintiff cannot recover in this action at law.

Whereupon, Mr. Brent, for the plaintiff, prayed the court to instruct the jury that if the defendant acknowledged that he was indebted to the plaintiff, upon settlement, in the sum of $1,000, the plaintiff could recover, notwithstanding the claim arose upon their partnership concerns. And he cited Fromont v. Coupland, 2 Bing. 170; Robson v. Curtis, 1 Starkie, 78, 2 Serg. & R. 304; Clark v. Glennie, 3 Starkie, 10; Rackstraw v. Imber, 1 Holt, N. P. 368; Musier v. Trumpbour, 5 Wend. 275: Colly. Partn. 153; Lamalere v. Caze [Case No. 8,003].

Mr. Z. C. Lee and Mr. Hellen, for defendant, contra, contended that there was no evidence of a settlement of the partnership accounts, and that if there were, a settlement alone, and a balance acknowledged, are not sufficient to support an action at law, without an express promise to pay. Foster v. Allanson, 2 Term R. 483; Fromont v. Coupland, 2 Bing. 170; Gow, Partn. 87.

THE COURT, being divided (THRUSTON, Circuit Judge, not having heard the evidence, did not give any opinion), did not give the instruction prayed by Mr. Brent.

MORSELL, Circuit Judge, because he thought there was no evidence tending to prove a settlement; and because a settlement and balance struck and acknowledged by the parties, will not support an action at law without an express promise to pay.

CRANCH, Chief Judge, thought there was some evidence tending to prove a settlement, namely, his acknowledgment that he owed, or would owe the plaintiff $1,000 upon the partnership concerns; the meeting being settled for a settlement, and having the whole accounts open before them, and the account and balance being stated by the witness in the presence and hearing of the defendant, and not objected to; and that these circumstances should be left to the jury. He was also of opinion, that if there was a settlement of the whole partnership accounts, and a balance struck and admitted by the parties, an express promise to pay, is not necessary to support an action by the creditor partner. He observed, that all the cases, in which it is said that an express promise is necessary, depend upon the case of Foster v. Allanson, 2 Term R. 483, in which the only question was, whether the plaintiff ought not to have brought his action of covenant upon the sealed articles of partnership, by which each partner bound himself to pay any balance which should appear against him upon the final settlement of the accounts, and not an action of assumpsit; because covenant is a higher action than assumpsit; and the rule of law is, that a man shall not maintain the inferior, when he has a right to a superior action. But the court decided, that although the plaintiff might have had an action of covenant on the articles, yet, as the acknowledgment of the balance of the partnership accounts was a good consideration for a promise, and as, in that case, there was an express promise to pay, the action of assumpsit was maintainable. Neither in that case, nor in that case referred to in the note to that case, is it decided that an express promise was necessary in any case where the plaintiff is not entitled to a higher action. The reason why one partner cannot sue another at law is, that nothing is due from one to the other on account of the partnership transactions, until the final settlement of the partnership accounts which can be compelled only in chancery. But when the partnership is dissolved, and the accounts are finally settled, and the balance struck and admitted, the reason ceases, and the parties stand in the same relation to each other, as ordinary debtors and creditors; and there is as much reason why the law should imply an assumpsit upon the acknowledgment of the balance due, in one case, as in the other.

The jury found a verdict for the plaintiffs; and the court granted a new trial, which came on at March term, 1837, when Mr. Hellen, for the defendants, prayed the court to instruct the jury, in effect, that there was no evidence of a final settlement of the partnership accounts, and that if there were, the defendant is not liable at law, unless upon his express promise to pay the balance.

THE COURT (CRANCH, Chief Judge, contra,) stopped Mr. Hellen, who cited 9 Serg. & R. 241, and who was about to argue in support of his prayer; and requested to hear the other side.

Mr. Brent, for plaintiff, cited Clark v. Glennie, 3 Starkie, 10; Rackstraw v. Imber, 1 Holt, N. P. 368; Robson v. Curtis, 1 Starkie, 78; Musier v. Trumpbour, 5 Wend. 275: Davis v. Barney, 2 Gill & J. 404; Starkie, Ev. pt. 4. p. 434; Bank of U. S. v. Smith, 11 Wheat. [24 U. S.] 172; 4 Wheeler, Dig. 342.

THE COURT (CRANCH, Chief Judge, contra,) gave the instruction as prayed by Mr. Hellen.

Verdict for the plaintiff, $950, with interest from 11th August, 1833.

---

POTOMAC, The (BAKER v.).     See Case No. 778.

POTOMAC, The (BEDELL v.).     See Case No. 1,215.

POTOMAC, The (CANNON v.).     See Case No. 2,386.

POTOMAC BUILDING ASS'N (JOHNSON v.).     See Case No. 7,406.