JOHN ALLEN *vs.* JOHN MILES, Adm'r. of WILLIAM T. SMITH, deceased.

An arbitrator is a competent witness on an objection to the award, to prove the facts submitted to them, and the grounds of their award.

The court will not review their judgment on the facts; but will correct a clear mistake of law, or fact.

Quere, if the presentment and demand of a promissory note *at the place of payment* is essential to charge any party to the note, other than an indorser.

If a bill or note be payable at a particular bank, or at the house of a particular person; and such bank or person is the holder; a formal demand is not necessary. It is sufficient if there be no funds of the drawer there.

And in this State, even where such bank or person is not the holder, a demand at the place of payment need not be averred by the plaintiff, nor proved, in an action against the maker of a promissory note or acceptor of a bill of exchange; though it must be proved to charge an indorser.

Arbitrators are not bound, though requested to do so, to make the evidence a part of their award.

NEW CASTLE, May term, 1845. Assumpsit; reference by rule of court; award for plaintiff for $2,434,22. Rule to show cause, &c.

This was an action of assumpsit. The declaration contained five counts: 1st. On a promissory note, dated April 12th, 1839, made by the intestate, to the plaintiff, for $278,83, payable five months after date, at the Farmers' Bank at Wilmington. 2d. On a promissory note of the same date, by the same maker, to the plaintiff, for $280,19, payable six months after date, at the same bank. 3d. On a promissory note of the same date, by the intestate, to the plaintiff, for $281,31, payable two hundred and ten days after date, at the same bank. 4th. That the intestate was indebted to the plaintiff in one thousand dollars, for goods sold and delivered; money lent; money paid by plaintiff for the intestate's use; money had and received by the intestate for the plaintiff's use; and money found to be due from the intestate to the plaintiff, on an account stated. 5th. For money found to be due from the defendant, as administrator, to the plaintiff, on an account stated between them.

To this declaration the defendant filed the usual pleas. After the cause was put at issue, it was referred by the agreement of parties, to Cornelius D. Blaney, Samuel M. Couper and Elihu Jefferson, to ascertain and award the amount due by the estate of William T. Smith, deceased, to the plaintiff, upon the cause of action in the declaration mentioned; and the reference was made a rule of court, subject to all legal exceptions. At the next term, to wit: May term last, the arbitrators returned an award in favor of the plaintiff, under the rule of court, for $2,434,22.

To this award the defendant filed his exceptions as follows: 1st. That the acts and proceedings of the register were illegal and unconstitutional. 2d. That the account settled and decreed by the register is not the account of the administrator. 3d. That the register did not carefully examine the particulars of the said account with the proof thereof, in the presence of the administrator. 4th. That he settled the account of his own motion, and it was not filed or furnished by the administrator. 5th. That the account was not settled according to law; and the proceeding was irregular and illegal. 6th. That the register charged the administrator with desperate debts, and did not allow him proper credits, &c. &c.

Upon these exceptions, and the defendant's affidavit of the truth of the matters of fact set forth in them, a rule was granted to show cause why the award should not be set aside.

At the hearing of the rule, Mr. Blaney, one of the arbitrators, was offered as a witness by the defendant, to disclose the evidence produced before the arbitrators by the plaintiff, in support of his causes of action; and to show on what principles the arbitrators made their award. The plaintiff's counsel contended, that an arbitrator could not·be examined as a witness for such purpose; but afterwards agreed that the testimony might be received, subject to the opinion of the court as to its admissibility. (2 *Steph. N. P.* 1820; 1 *Term Rep.* 11; *Kyd on Awards* 380; *Watson on Arbit.* 37.)

The arbitrator deposed in substance, that the three promissory notes mentioned in the declaration were laid before the arbitrators; that to each of the two notes first mentioned, was attached the certificate of protest of Jonas Pusey, a notary public, residing in Wilmington; and to the last mentioned note, the certificate of protest of Thomas McDowell, also a notary public, residing in the same place: That the certificates under the notarial seal of Jonas Pusey, did not set forth any presentment or demand of payment made at the bank: That upon his examination as a witness before the arbitrators, he could not recollect whether he did or did not present the notes at the bank, and demand payment there; but well recollected that he received the notes from the cashier, who called on him at his office, after banking hours, and informed him that the maker had no funds in bank for the payment of the notes; and requested the witness on behalf of the bank, to protest them for non-payment: That he did protest them; and immediately gave notice to the maker and the several indorsers. The arbitrator further testified that respecting the note last mentioned in the declaration, it was proved before the arbitrators, that the no-

tary, at the request of the Farmers' Bank, exhibited the note at their banking-house in Wilmington, demanded payment there, and received for answer from the cashier, that the maker had no funds in bank to pay the note ; that the notary protested it for non-payment, and gave notice to the indorsers : That besides the three notes, the plaintiff produced before the arbitrators, sundry written orders or drafts, drawn by William T. Smith, in his life time, on the plaintiff, in favor of third persons, directing the plaintiff to let such persons have to the amount of the several sums of money specified in the respective orders, and to charge the same to the account of William T. Smith : That it was proved before the arbitrators, that the three notes were given by William T. Smith, for the purpose of taking up previous orders drawn by him on the plaintiff ; and that the defendant had admitted, that an account produced by the plaintiff before the arbitrators, containing the three notes and the subsequent orders was correct, and that he promised to pay it.

The rule was argued by *Rogers*, in support of the motion ; and by *Rodney* and *Gray*, contra.

The Chief Justice delivered the opinion of the court.

BOOTH, *Chief Justice.*—The first question submitted to the court is, whether an arbitrator is a competent witness to prove the facts thus deposed to. We are of the opinion that an arbitrator is a competent witness for such purpose, in the case of exceptions to an award returned under a rule of court entered into by virtue of the act of assembly of this State. The act declares, that the award or report of referees made according to the reference, *and approved by the court,* shall be deemed and taken to be as available in law, as the verdict of a jury. Upon exceptions taken to an award, the court cannot approve of it, and thus give it the effect of a verdict, without information of the matters that came under the cognizance of the arbitrators. They are the proper, and in most cases, the only witnesses to whom the court can resort to ascertain the facts proved before them ; the documents, papers and accounts, and other evidence submitted by the parties. They may also be examined to disclose the grounds or principles on which the award was founded. But in no case will the court re-try the cause, or go into an examination of the merits of an award ; or set it aside because they would have drawn different conclusions from the arbitrators, from conflicting testimony; or would have made a different award. But where it manifestly appears that the arbitrators have clearly mistaken the law, or that they knew what the law was, and purposely disregarded it, or that they have

made an evident mistake in matter of fact, the court are bound to set aside an award, as they are to 'set aside a verdict which is manifestly against the law or the facts.

The exceptions filed to this award allege, and the defendant's counsel has insisted before this court, that the arbitrators made a clear mistake in point of law, in awarding to the plaintiff, the amount of the promissory notes and orders. That in regard to the notes, they erred in law, because there was no proof either by the testimony of Jonas Pusey or by his notarial certificates, or in any other mode, that a presentment and demand of payment of the two notes first and secondly mentioned in the declaration, was made at the Farmers' Bank at Wilmington, where in the body of each note, they were made payable : That such presentment and demand are a condition precedent, and therefore essential to render even the maker of a promissory note liable at the suit of the payee : And that it is a settled rule of law, that where a particular place of payment is mentioned in the body of a bill of exchange or promissory note, whether the action is against the acceptor or drawer of the bill, or the maker or indorser of the note, the instrument must be presented at that particular place, and the demand made there, in order to give the holder a right of action; because the place is made part of the contract.

This rule is established in the English courts, although there are some decisions to the contrary, particularly the case of Nichols *vs.* Bowes, 2 *Camp.* 498 ; and Wild *vs.* Renwards, 1 *Camp.* 425, *note.* But neither in England nor in the United States is a formal demand necessary, if a bill or note is made payable at a particular bank, or at the house of a particular person, and such bank or person is the holder. In such case, it is a sufficient demand of payment, for the holder to examine the books of accounts, and a sufficient refusal, if it appears that the party who is to pay there, has no funds deposited. To make a formal demand of payment, under such circumstances, would be an idle ceremony. (*Saunderson* vs. *Judge*, 2 *Hen. Blac.* 509 ; *Bank of Wilmington & Brandywine* vs. *Coopers' Adm'r.*, 1 *Harrington's Rep.* 10, 14 ; *U. States Bank* vs. *Smith*, 11 *Wheat.* 171 ; *U. States Bank* vs. *Carneal*, 2 *Peters' U. S. Rep.* 543.)

In the last case the United States Bank at Cincinnati, was the holder of a promissory note made payable at the bank there. On the day when the note became due it was delivered to a notary, for protest, by the officers of the bank, after the usual banking hours were over, who informed the notary at the time, that there were no funds in the bank for the payment of the note. It was the unanimous

opinion of the Supreme Court of the United States, that this was a sufficient proof of a due demand of payment.

In the present case the two notes were endorsed by the plaintiff, John Allen, the payee, the one to H. F. Hollingshead & Co., and the other to Potts, Reynolds & Co., and both notes after several intermediate indorsements, were endorsed to John. Torbert, cashier of the Farmers' Bank at Wilmington. The bank thus became the holder of the notes. The cashier having called on the notary, after banking hours, with the notes, informing him that the maker had no funds in bank, and requesting him on behalf of the bank, to protest them for non-payment, was a sufficient demand of payment and refusal on the part of the maker to pay ; and no formal demand was necessary.

But suppose the notes were put in the Farmers' Bank merely for collection ; that the plaintiff did not endorse them ; and that he was the holder when they became due, and not the bank. Was it necessary to entitle the plaintiff to a right of action against the maker, to aver or prove a demand of payment ? According to the rule before mentioned, established in the English courts, and relied on by the defendant, it was necessary. But various decisions in many of the States of the union are opposed to the rule ; and although it may appear to be more in accordance with the contract of the maker, the rule has not received the sanction of the Supreme Court of the United States. In 11 *Wheat. Rep.*, in the case of the Bank of the United States *vs.* Smith ; the action was brought by the plaintiffs, as indorsees, against the defendant, as indorser of a promissory note. Although the question did not directly arise in the cause, the court were strongly inclined to the opinion, that as against the maker of a promissory note, or acceptor of a bill of exchange, payable at a particular place, no averment in the declaration or proof at the trial, of a demand of payment at the place designated, is necessary. But where recourse is had to the indorser of a bill or note, such averment and proof, as a general rule, is required ; because the indorser is not the original and real debtor, but only a surety. His undertaking is not general, like that of the maker of a note, or the acceptor of a bill ; but is conditional, that if upon due diligence having been used against the maker or acceptor, payment is not received, then the indorser becomes liable. This due diligence is a condition precedent to the plaintiffs' right of recovery against the indorser. But the precise question was presented by the record in the case of Wallace, plaintiff in error *vs.* McConnel, defendant in error, in 13 *Peters' Rep.* 136.

The action in the court below, was upon a promissory note made by Wallace, defendant below, to McConnel, the plaintiff below, and expressed in the body of the note to be payable at the office of discount and deposite of the Bank of the United States, at Nashville. The declaration set out the note ; and alleged the promise to pay at the place mentioned in the note, without averring that the note was presented at the bank, or that a demand of payment was made there. The Supreme Court of the United States, after adverting to the decisions in Westminster Hall, and to the American authorities, expressly decided the point, that in actions on promissory notes and bills of exchange, where the suit is against the maker of the note or the acceptor of the bill, and the note or bill is made payable at a specified time and place, it is not necessary to aver in the declaration, or prove on the trial, that a demand of payment was made, in order to maintain the action. But that if the maker or acceptor was at the place at the time designated, and was ready and offered to pay the money, it was matter of defence to be pleaded and proved on his part. This decision, we consider, must settle the question.

The opinion therefore of this court is, that the arbitralors did not err in law, in awarding to the plaintiff, the amount of the aforesaid notes.

The next question is, did the arbitrators err in law, in awarding to the plaintiff, the amount of the orders? All of them are endorsed by the respective persons in whose favor they were drawn, and are for money, except four, which are for goods to a very small amount. It appeared before the arbitrators, that the amount of these several orders was advanced by the plaintiff for the use and benefit of the intestate; and that he thus became the debtor of the plaintiff for such amount. The orders therefore regularly endorsed, were properly admissible under the fourth count in the declaration, as evidence of money paid, and goods sold and delivered by the plaintiff, at the request of the intestate. And as the acknowledgment of the defendant of the correctness of the plaintiff's account, was good evidence under the fifth count of the declaration on the account stated with the defendant as administrator,—there was no error in law on the part of the arbitrators, in receiving proof of such acknowledgment.

The last exception charges misconduct and misbehaviour in the arbitrators, because, notwithstanding the defendant's written request, they did not set forth and annex to their award, the evidence taken before them, including copies of the notes, orders, and the plaintiff's account. To impose such an onerous task on arbitrators, seems un-

reasonable. It was not their duty to reduce to writing, the oral testimony received by them, and to annex it, and copies of the documents required, to their award; and it is no misconduct or misbehaviour in omitting or refusing to do so.

The court therefore discharge the rule; approve of, and confirm the award; and order judgment to be entered against the defendant, of assets, according to the agreement of the parties.

*Rogers,* for the motion.

*Rodney* and *Gray,* contra.