This was an action by indorsee against the maker of a promissory note for $290 65, dated July 30, 1847; drawn by James E. Hamilton, in favor of John S. Walter, at thirty days, payable at the Bank of Delaware.
The plaintiff proved the handwriting of drawer and indorser, and that it was indorsed before maturity. The payee was called to prove that he was in fact indebted to the drawer at the time the note was made; which was objected to, on the ground that until the defendant had shown the indorsement to have been made after maturity, the consideration could not be inquired into, as between the indorser and indorsee.
The Court said, that the consideration could not be inquired into, *Page 315 
except as between the original parties, unless in cases of fraud or collusion. (Bush vs. Peckard, 3 Harr. Rep., 387.)
Note admitted; probate offered; and plaintiff closed.
Mr. Bayard moved a nonsuit, for want of proof of a demand at the Bank of Delaware. The demand there is a condition precedent; and must be proved; even in an action against the drawer. The place of payment is a part of the contract. (Bank of Wilmington and Brandywine vs. Cooper'sadm'r., (1 Harr. Rep., 10,) is upon the same principle, and makes no distinction, whether the action be against the drawer or indorser. Nor can there be any difference in this respect, for the necessity of the demand at the place arises from the contract itself, and applies as well to the drawer as to the indorser. (In the case of Allen vs. Miles, (4Harr. Rep., 234,) this court suggested a contrary opinion; but this would not reverse a previous decision of the principle, which was made in The Bank of Wilmington and Brandywine vs. Cooper's adm'r.
Neither is this court bound by a decision of the Supreme Court made without due reference, as I think, to legal principles.
Mr. Bradford. — In a suit by indorser against the maker of a promissory note, payable at a particular place, the averment of presentment at the place is immaterial, and need not be proved. (4Harr. Rep., 234, Allen vs. Smith's adm'r.; 4Johns. Rep., 184; 17 Ib., 248, n.; 8Cowen Rep., 271; 8 Mass. Rep., 480; 1 Gill John., 175; 11 Wheat., 171; 13 Peters, 147, 151;Story on Bills, 449; 2 Camp. N. P. Rep., 498; 1Ib., 423; 3 Esp. Ca., 246; 1 Camp., 82; 13East., 459.)
The indorser of an over-due note, takes it subject to all equities which attach to the note itself; but not to collateral matters, (such as set off,) which might have been a defence between the original parties. (Byles on Bills, 149-50; Story on Bills, 218, n., 3; 10 Mees. Welsby, 696; 10 Barn. Cress., 588.)
The Court refused the nonsuit, reserving this question for hearing in banc. [See post, June term, 1851.]
Mr. Bayard now objected, that the probate did not state that the draft was assigned to him before the death of the defendant; and that there ought, therefore, to be a probate by the persons holding the claim, both before and after the death of Hamilton.
Mr. Bradford. The act of assembly requires the person holding a claim to make probate; and if it has been assigned after the death *Page 316 
of the defendant, probates shall be made as well by the party holding the claim at the death, as the person holding it at the time the suit was brought.
By the Court. — The plaintiff, as the holder of this note, has made the probate required by the act of assembly; and it appears in evidence that the assignment was made before the defendant's death. We think the probate sufficient.
The case then went to the jury, and plaintiff had a verdict.