# Middleton *versus* Boston Locomotive Works.

In an action against the maker of a promissory note, drawn "payable and negotiable" at a particular bank, it is not necessary to aver or prove that the note was negotiated at such bank.

Evidence of whether it was or was not negotiated at such bank is irrelevant.

To make such fact important in any case, the instrument must contain words restricting its negotiability to the place designated.

ERROR to the District Court of *Philadelphia.*

This was an action brought by the Boston Locomotive Works against John W. Middleton, on the following promissory note:—

$2084. February 24, 1853.

On the tenth day of May, eighteen hundred and fifty-four, I promise to pay, for value received, to the order of John B. Gray, two thousand and eighty-four dollars, with interest, at the rate of six per cent. per annum, from the tenth day of December, eighteen hundred and fifty-three, until paid, payable and negotiable, with-

out defalcation, at the Bank of Pennsylvania, in the city of Phila-
delphia.                                JOHN W. MIDDLETON.

Endorsed J. B. GRAY.   Pay A. Hyatt Smith, Esq., President,
or order.                                R. J. WALKER.

A. HYATT SMITH, President R. R. V. U. R. R. Co.

The plaintiffs gave the note in evidence.

The defendant alleged, that he then offered to prove that the
note had not been negotiated at the Bank of Pennsylvania, in the
city of Philadelphia, which was rejected by the court; but no such
evidence was certified by any bill of exceptions attached to the
record.

The court directed the jury to find for the plaintiffs, for the
amount of the note and interest, which was done.

The defendant removed the cause to this court, and assigned for
error, the rejection of the evidence and the ruling of the court
that the plaintiff was entitled to recover on the note.

*Cuyler*, for plaintiff in error.

*W. A. Porter*, contrà.

The opinion of the court was delivered by

LEWIS, C. J.—No errors have been assigned, nor has the deci-
sion of the court, rejecting the evidence, been certified by bill of
exceptions as required by law.   The judgment must therefore be
affirmed.   But if the error complained of in the argument had
been placed on the record, it could not avail the plaintiff in error
either under the pleadings in the cause, or in any other form of
pleading.   The note is made "negotiable and payable" at a spe-
cified bank.   It is not pretended that it has been paid, or that funds
have been deposited in the bank for the purpose.   The complaint
is, that the holders did not give evidence that he made a demand
of payment at the time and place specified.   This might be required,
in order to charge an endorser; but, according to the American
decisions, it is entirely unnecessary when the action is against the
maker of the note.   Payment is a matter of defence, which he
must show as an affirmative fact.   The action is a sufficient
demand, as against him: 13 *Peters* 144; 11 *Wheat.* 171; 5 *Leigh*
522; 1 *Gill & John.* 175; 8 *Cowen* 271; 8 *Mass.* 480; 4 *Halst.*
189; 2 *Yerger* 81; 10 *N. H. Rep.* 423; 2 *W. & Ser.* 458.   If,
when a note is made payable at a particular bank, it be unneces-
sary to prove that payment was demanded there, it must be equally
unnecessary to negotiate it at the bank, although by its terms
made "negotiable" there.   With, or without such a clause, if the
note be in form a negotiable instrument, he may negotiate it there
or not at his election.   He is not bound to negotiate it at all.   If

[Middleton *v.* Boston Locomotive Works.]

the intention be to restrict the holder from negotiating it, except at a specified bank, language of restriction must be inserted. The words "and not elsewhere," or words of like import, may answer the purpose. But even this language would not oblige the holder to negotiate the note at all. No cases which we are bound to regard as authority, stand in conflict with this view of the question.

Judgment affirmed.