Johnson J.
delivered the opinion of the Court
The case stated in the record gives the plaintiffs a good cause of action. Its predicate is a note drawn by Ebenezer Flagg payable to defendant or order, her indorsements by which the contents are directed to be paid to the plaintiffs’ demand of payment from the maker, and notice of its dishonor to the defendant.— There is then no foundation for the motion in arrest of judgment, for that is only available, when from the plaintiff’s own shewing, there is no cause of action.
The motion for a new trial is founded on the supposed misdirection of the Court, that as the note was made payable at the Branch Bank in Georgetown, and as the maker had no funds, then a personal demand on him was unnecessary, and that it was sufficient if the holders of the note were there to receive it.
According to the literal import of the terms of this note, the obligation imposed on the maker was *179 that he would be at the bank on the day on which it fell due, and pay the contents to the payee, raising by implication an obligation on the part of the payee that he would be there to receive it, and the effect the indorsement is to transfer to the indorsee all the rights with the corresponding obligations which attached to the payee. But mercantile contracts must be construed with reference to the custom of merchants and the usages of trade ; every trade, calling, and profession, has a language peculiar to itself, and unless the terms are construed according to their received interpretation amongst the class that use them, we must eternally err in giving effect to their contracts. Banking houses were not established for the purpose of enabling individuals to meet there, to transact business, which could be as conveniently done elsewhere ; no one ever yet made a promise to pay money at a bank, intending to go there in person to pay it with his own hand; that he could as well do at his own counting house, with more convenience to himself, and at least as little to him who is to receive it. In commercial places, usage has made banks the general repositories of the funds of individuals, and when one is told that he is to be paid money at a bank, he understands that the promiser will deposit funds there for that purpose, and if, upon enquiry, he ascertains that there are no funds there, he understands as distinctly that he is not to be paid. He has done therefore all that the implied1 undertaking on his part imposes when he makes a demand at the bank. This rule is too well settled to admit of any controversy, Saunderson v. Judge, 2 Hen. Black, 509. Parker v. Gordon, 7 East, 386, and in the spirit of the rule it was held in Saunderson v. Judge, that when the person at whose house the bill or note is payable, is the holder, the examination of his own books to see whether there are assets in his hands, supercedes the necessity of a personal demand.
The questions arising on the motion of non-suit, present greater difficulties. The note is made payable *180 at the Georgetown Branch of the Bank of the State of S. Carolina. The note was in the possession of Eleazer Waterman, the Clerk of the Bank, and a notary pub-lie, by whom it was protested for non-payment. He deposited in the Post-Office at Georgetown, a letter directed to the maker, at his residence, at Sandy Island, demanding payment, to which no answer was returned. The plaintiffs in their declaration, set out a demand upon the maker, and two questions arise out of this motion. First, whether this allegation is supported by the evidence of a demand at the bank; and secondly, whether there is any evidence of a demand at the bank, and refusal to pay. In Clarke v. Gordon, (decided here in April, 1832,) I have before expressed my predilection in favor of setting forth in the declaration, the special manner of the whole contract and circumstances on which the plaintiff relies, and which are necessary to enable him to recover, and I still think that mode of proceeding is the most unexceptionable, when it is practicable. There is, however, some danger in an attempt at too great certainty, when the facts are complex and doubtful, and hence the rule, that it is sufficient to set out a contract, or other circumstances, according to their legal effect. In Clarke v. Gordon, the defendant had qualified his acceptance of a bill drawn upon him, by a promise to pay when it should be presented at a subsequent day. The plaintiff declared q^on this acceptance, without setting out this qualification, and upon the rule before laid down, it was held to be unnecessary. According to Sanderson v. Judge, the legal effect of a demand at the bank was precisely the same as a demand upon the maker in person. By construing the note according to the mercantile understanding, the maker had constituted the bank his agent to pay; a demand on that, was a demand on hirn; their refusal was his refusal to pay.
This case, however, appears to me to fall within another rule—the Bank itself, was the holder of the note. The United States’ Bank v. Smith, 11 Wheat. *181 172, was an action by the indorsees against the indor-sor of a promisory nóte, payable at the office of discount and deposit, at Washington. The declaration contained an averment that the note was sented to the maker — that he refused to pay, and that notice of non-payment was given to the defendant, the indorsor; and it was held, that the averment of presentment was surplusage, and no proof of it was necessary; and Mr. Justice Thomson remarks, that it would be an idle ceremony to require the bank to take the note from its files, and lay it upon the counter, or make any other public exhibition of it. That when the bank at which it is payable, is the holder, it would be impracticable to make any other demand or inquiry, than by ascertaining that the note was there, and that the maker had no funds. If the note was there, it was a presentment, and if the maker had no funds, then it was a refusal to pay.
The counsel has founded an argument upon the circumstance that the president and directors of the ■Mother Bank, are the plaintiffs, and insisted that they were competent to make a demand at Georgetown.— But as a corporation, the bank can only act through its agent, and Waterman, the Clerk of the Branch Bank, was as much the agent of the corporation, as the president of the Mother Bank. That too was precisely the case in the Bank of the United States v. Smith. The corporation Was the plaintiff, and the note was payable, not at the Mother Bank, but at one of the Offices of Discount and Deposit.
There was nó proof that the maker had no funds in bank, but the protest for non-payment, and it is objected that this was sufficient. ¥/aterman, as notary, was the person authorized to make the enquiry; as the Clerk of the Bank he was the person of whom the enquiry was to be made; the contract of the maker, made him his agent to give the answer, and he has certified by the protest that the note was not paid, and I cannot conceive of higher evidence. If the *182 maker had funds, then he could have availed himself of it in the defence, for that would have been payment*
Legare & Rice, for the motion,
Petigru, contra.

Motion dismissed.

O’Neall & 'Harper, Js. concurred.