### MOREHEAD WRIGHT *v.* CHARLES A. SEWALL and another.

Where an action is instituted against a party for the amount of a note, against any
liability for which certain persons had bound themselves to gauranty him, and, there
being no defence, the party sued paid the debt and costs, he will be entitled to re-
cover of the party bound to him, the amount so paid, including the expenses to which
he has been subjected by the failure to save him harmless; and as to the costs, it
will be presumed that the officers of the court did not charge more than was legally
due.

APPEAL from the District Court of Caddo, *Campbell*, J.
*Crain*, for the plaintiff.
*Lawson* and *Tuomey*, for the appellants.
MORPHY, J. In January, 1841, Charles A. Sewall and Thomas
T. Williamson, who were doing business in the parish of Caddo
as commercial partners, under the firm of Charles A. Sewall &
Co., dissolved their partnership. The defendant Sewall, became
the transferee of all his partner's interest in the stock in trade,
notes, accounts, and assetts of the firm, and bound himself as
principal, and his co-defendant, Gilmer, as surety, " to pay all
the debts and liabilities of the firm, and to hold Williamson
harmless from the same." In July, 1842, Williamson was
arrested at Washington city, for an unpaid debt of the partner-
ship, being a note of $1070 73, in favor of J. P. Boyd & Co.,

bearing date the 10th of February, 1839, and payable six months after date, at the counting-house of T. B. Lee & Co., at New Orleans. Williamson paid the debt, which, with interest and costs, amounted to $1289 57, and transferred all his title and interest in and to said note to the petitioner, whom he subrogated to all his rights against the defendants under their bond of indemnity. Under this subrogation Morehead Wright brought the present action; he obtained a judgment below, from which the defendants appealed.

The appellants' counsel contends that the plaintiff cannot recover, because no demand of payment was made at the counting-house of Lee & Co., in New Orleans, where the note was made payable; and that, at all events, the judgment is for too large an amount, the note being only for $1090 73; that if the surplus was for interest, none was due on the note, as it had not been protested; and that if it was for costs, there is no proof in the record as to their amount.

The evidence shows that T. B. Lee was called upon by J. P. Boyd with regard to the note, and that some conversation took place in relation to it in the counting-house, but that Lee had no instructions or funds to pay it. Admitting that this does not prove a demand at the place of payment, it is shown that in the summer which followed the maturity of the note, Charles A. Sewall, well knowing that he had provided no funds for its payment in New Orleans, promised while in Boston, to pay the note in New York, which he failed to do. This promise would probably have relieved the holder from the necessity of proving a demand, even in Louisiana; but surely had Williamson attempted to resist the claim on the ground that no demand had been made, such a defence would not have availed him 'in a place where the settled law is, that it is not necessary to allege and prove a demand of payment in order to maintain an action against the maker of a note; but that it is a matter of defence, if the maker was ready at the place and offered to pay, to be pleaded and proved on his part. *Wallace* v. *McConnell*, 13 Peters, 136. *United States Bank* v. *Smith*, 11 Wheaton, 171. It is further shown, that this debt figured on a list of debts exhibited to Williamson, which Sewall stipulated to pay on the dissolu-

tion of the firm, and from which he undertook to save him harmless. In relation to the amount of the judgment, it appears from a receipt of the marshall of the District of Columbia, that Williamson actually paid to him the sum of $1289 57, which he declares to have been the amount of the principal, interest, and costs. We believe that under the law of the State of New York, where Sewall promised to pay this note, all liquidated debts carry interest without any judicial demand or protest; but be this as it may, had Williamson defended the suit, and employed counsel, the defendants under this bond of indemnity would have been liable for all the expenses he might have incurred. He thought it better not to dispute the claim, which he knew was a just one, and the presumption is that the marshall of the District of Columbia did not charge more than was legally due. Sewall can only indemnify Williamson and save him harmless, according to his contract, by refunding to him the money he has been compelled to pay under judicial process, in consequence of his own neglect to discharge this debt of the firm for the space of nearly three years.

*Judgment affirmed.*