Henshaw, vs. The Liberty Marine Life and Fire Ins. Company.

HENSHAW vs. THE LIBERTY MARINE, FIRE AND LIFE INS. COMPANY.

In an action upon a note payable "in whatever paper currency" is taken in a certain office on a specified day, no demand need be averred or proved.

ERROR to Grundy.

STRINGFELLOW, for Plaintiff in error.

POINTS AND AUTHORITIES.

1. The instrument of writing offered in evidence, did not correspond with the declaration—is not a promissory note.

2. There was no evidence of the assignment by the firm of Bird & Glasgows, as set out in the declaration—it being proved to be in the hand writing of a memher of another and different firm.

3. The firm of Bird & Glasgows was proved to consist of persons different from those described in the declaiation.

4. There was no evidence of a demand of "paper currency" by any person.

5. There was no evidence of the kind or value of the currency agreed to be paid. See Farewell vs. Kennett, et al, 7 M. R. p. 595; Martin vs. Chauvin, 7 Mo. R. 279.

6. The plaintiff, in the court below, is a *private* corporation, and no evidence was given of its existence or right to sue, and the court could not judicially know it. 15 Wend. 314; 17 Wend. 443; 8 Wend. 480; 7 Wend. 539; 1 Wend. 555; 2 Cow. 770; 14 John. 416.

7. The declaration is defective in not alledging the kind and value of the paper currency taken in the insurance office on the day of payment. Farewell, et al. vs. Kennett, et al., 7 Mo. R. 595.

8. It does not aver and show the existence of the company, and its right to sue.

9. It does not show a demand of the paper currency.

10. It declares on an inland bill of exchange, while the instrument as set out shows only a promise to pay a species of property, not *money*.

11. It does not show a breach in the promise to pay *paper currency*, but only a failure to pay *money*.

12. The instructions asked by the defendant below, and refused by the court, ought to have been given.

13. The motions to set aside the verdict and grant a new trial, and in arrest of judgment ought to have been sustained.

Scott, J., delivered the opinion of the court.

This was an action of assumpsit, brought upon an instrument in writing, executed by Henshaw, the plaintiff in error, to Bird and Glasgows, and by them endorsed to the Liberty Marine, Fire and Life Ins. Company. The instrument was as follows:

"$413 62. Liberty, Mo., Feb. 15, 1842. Four months after date I promise to pay to the order of Bird & Glasgows, four hundred and thirteen 62-100 dollars, without defalcation or discount, for value received, negotiable and payable at the office of the Liberty Marine, Fire and Life Insurance Company, with ten per cent. interest after due until paid; to be paid in whatever paper currency is taken in the above insurance office, 15th June. J. L. Henshaw." And the following endorsement was thereon: "Pay to the Liberty Marine, F. & L. Ins. Company. Bird & Glasgows."

The case was submitted to the court, upon the general issue. The plaintiff proved that the firm of Bird & Glasgows, was composed of James Glasgow, William Glasgow, jr., and Greenup Bird, and that the endorsement was in the hand writing of said Bird. The note and endorsement was then read in evidence, though objected to, also the protest of the notary for non payment. It was also proved the Indiana, Illinois and Kentucky paper money was current in Liberty, and that neighborhood, at the time said note became payable, and that said paper was from 5 to 10 per cent. below par, but the witness was unable to say what kind of money was taken by said company. The plaintiff asked four instructions, all of which were refused, except the second. The instructions were:

1. The plaintiff must show a demand of the amount of the instrument sued on at the time and place set out in said instrument.

2. That the kind of paper currency taken at the time and place mentioned in said instrument, must be shown, and its value as compared with specie.

3. That there was no sufficient evidence of a partnership of Bird & Glasgows.

4. There is no sufficient evidence of the kind of paper, or its value compared with specie, at the time of payment specified in said note.

The court found for the plaintiff $421 79. Defendant filed his motion for a new trial and in arrest of judgment; which motions were overruled.

The principal errors assigned and relied on for the reversal of the judgment, are:

1. That the plaintiff did not prove its corporate existence, and being a private corporation, this was essential.

2. The declaration alledged a promise to pay to the order of Greenup Bird, William Glasgow, sen'r, and William Glasgow, jr. Whereas the firm of Bird & Glasgows, was proved to consist of William Glasgow, jr., James Glasgow, and Greenup Bird. This is insisted on as a fatal variance, and that the note and endorsement should have been excluded, as being made by a different firm from the one described.

3. There was no evidence, or no sufficient evidence of the kind and value of paper currency in which the note was payable.

4. No demand is averred or proved at the time and place specified in the note.

The first objection is founded upon a mistake, in point of fact. The act of incorporation is declared to be a public act. See Acts 1838-9, p. 222; Acts 1836-7, p. 189.

The second error assigned, is the variance between the proof and the allegations of the declaration, in relation to the endorsement of the note. The declaration avered that the note was payable to William Glasgow, sen'r, William Glasgow, jun'r, and Greenup Bird, and that the note was endorsed by them to the plaintiff, under the style of Bird & Glasgows. The proof was that James Glasgow, Wm. Glasgow, jr., and Greenup Bird, were the payees, and that the assignment was made by them under the style of Bird & Glasgows.

A variance between the real name of an endorser, and that which is alledged in the declaration, and appears on the bill, is immaterial. Forman vs. Jacob, 2 Eng. Com. Law Rep. 288; 2 Chitty's Pl. 127.

It has been frequently held that on a note like that sued on in this case, no demand was necessary. Smith vs. U. S. Bank, 11 Wheat. 171.

By a division of the court the judgment will be affirmed.

NAPTON, J. I do not concur. A misdescription of the names by which the payees were called, might be immaterial, provided they were identified as in the case of Forman vs. Jacob, but here the parties are not the same as those alledged in the declaration. This point is, then, in my opinion, with the plaintiff in error. On the other points, I concur with Judge SCOTT.