### J. MORRELL, *qui tam, &c.* against FULLER.

In an action *qui
tam,&c.*brought
by a common
informer, under
the 2d section
of the act for
preventing usury, (10th sess. c. 13.) the declaration must state that the party aggrieved neglected to sue within one year, in order to give the plaintiff a right of action.

THIS was an action of debt, brought by the plaintiff, as a common informer, on the second section of the " Act for preventing usury." (10th sess. c. 13.)

The declaration stated, " For that whereas the said *Jeremiah Fuller*, after the 8th *February*, 1787, to wit, on the 6th of *August*, 1808, was indebted to one *Thomas Morrell*, now deceased, in the sum of 92 dollars and 28 cents, whereby an action had accrued to the said *Thomas Morrell*, by force of and according to the statute in such case made and provided," &c.

ALBANY,
Feb. 1811.

MORRELL
v.
FULLER.

" And the said *John Morrell*, who sues as well, &c. says, that the said defendant, on the 9th day of *August*, 1809, at *Albany*, &c. was indebted to the said *John Morrell*, and the said poor, in the said sum of 92 dollars and 8 cents, whereby an action hath accrued to the said *John Morrell*, who sues, &c. to demand and have of the defendant, &c. the said sum of 92 dollars and 8 cents as aforesaid, according to the form of the act aforesaid, entitled, " An act to prevent usury," &c.

A verdict having been found for the plaintiff,

*Rodman* moved in arrest of judgment. 1. Because the plaintiff was not entitled to this action, without showing that the party paying the money had neglected to bring his action within a year; and this being essential, should have been stated in the declaration.

2. Because there is no express averment of the payment of the money, and that it was over and above the legal rate of interest.

3. The plaintiff sues for himself as well as the poor of *Schenectady*; yet the *venue* and cause of action are laid in *Albany*, where it has been tried, so that the poor of *Albany* would be entitled to a moiety of the money.

*Foot*, contra.

*Per Curiam.* The declaration does not state a cause of action, because it has no averment that the party aggrieved neglected to sue within the time prescribed by the statute. For aught that appears, *Thomas Morrell*

ALBANY,
Feb. 1811.

DE DIEMAR
v.
VAN
WAGENEN.

may have sued for the debt in question, and without an omission on his part to sue, the plaintiff has no right of action. This case is within the reason, and embraced by the principle, of *Cole* v. *Smith*. (4 *Johns. Rep.* 193.) Though the expressions are somewhat different in that part of the two statutes relative to gaming and to usury, which gives an action to the common informer; yet there is the same reason and justice in both cases, that the declaration should state the facts which are essential to constitute a right of action. The record which the court referred to in *Cole* v. *Smith*, stated the neglect of the injured party to prosecute, and this is a material averment, when the common informer prosecutes under either statute. Judgment must therefore be arrested.

Judgment arrested.