Cbabb, J.
delivered the opinion of the Court. It is said the Court below erred in not arresting the judgment; and of that opinion is this Court. This being an action upon a statute by a common informer, “ the plaintiff in his declaration ought,” in the language of Chief Baron Comyns (Com. Dig. title Pleader, 676), “to aver every fact, without being informed of which, the Court cannot judge whether the plaintiff has cause of action.” Does it appear then in this declaration substantially, for we disclaim all unseemly nicety and strictness, that the offence of retailing [100] merchandise, as forbidden by the statute, was committed by Greer ? Look to the Acts of 1803, ch. 3, §§ 4, 5 ; 1804, ch. 11, § 2; and 1813, ch. 98, §§ 4, 5, 21, and you perceive that only persons of a particular character, or engaged in specified pursuits, are liable to the*action. The persons subject to it are merchants, hawkers, and pedlers. Nothing is more natural, then, than that the Court, before they can consent to enter judgment against the defendant, should desire to know whether he is a merchant, hawker, or pedler; for they are not willing to pronounce such judgment against a citizen who has “ retailed articles of merchandise,” unless he comes within one of these denominations.
The plaintiff in an action must exhibit in his declaration a title to what he claims. He has no such title, except against a merchant, hawker, or *461 pedler. 'Want of title is not cured in any case by verdict. Defective averments are, because it is presumed that, although the allegations are not made with entire certainty and precision, they were proved to the satisfaction of the jury. But this principle cannot be so used, as to dispense with an averment material to the plaintiff’s right of action, as is desired in this instance. It cannot be presumed that the plaintiff was proved to be a, merchant, &c. because, not being averred, there was no issue upon it; there was no such matter in question, and such proof was not only unnecessary, but would have been impertinent.
It is supposed, however, that the statement “ that defendant was not a person qualified as the statute requires,” and that the act charged was “ contrary to the form of the statute,” are averments, though deficient ones, of the character of the plaintiff. To suppose so would be to proceed upon conjecture that the pleader may so have intended, not upon the meaning of the terms. “ The defendant was not qualified as the statute requires,” says the declaration. How can this be made to mean that he was a ped-ler, hawker, or merchant?
The argument must go upon the ground that all persons in society are liable to the forfeiture, except they have some [101] specified qualification ; whereas, on the contrary, all persons in society are exempted from it, unless they are pedlers, hawkers, or merchants. It is not improbable that the declaration was drawn in imitation of some form prescribed in actions founded upon the English game laws. Or we may with some plausibility conjecture that the pleader, when he speaks of defendant’s not being qualified, intended to convey the idea that he had no license. But what we wish to know is, whether he is a person who is required to obtain a license.
We have examined the books referred to on both sides. For the plaintiff: 1 Term, 141, 145; 3 Term, 636; 1 Chitty’s Pleadings, 357, 359; 1 Blackstone’s Com. 89; 13 John. 428, 468; 5 Mass. 270; 2 Mass. 270; 4 Bur. 2471; 2 Strange, 999. For defendant: 1 Term, Rep. 332, 381; 1 Com. Dig. (A. E.) 447, 578; 1 Chit. P. C. 229, 320, 402, 403; 1 Doug. 115; Strange, 1227; 4 Mass. 447, 448. We would also refer to Morrell qui tam v. Tuller, 7 John. Rep. 402; Cole v. Smith, 4 John. 196.
Upon the whole, it is clear that the declaration is radically defective.
The judgment of the Circuit Court is reversed; and this Court, proceeding to do as that Court should have done, arrest the judgment upon the verdict of the jury.
Judgment arrested.