By the Court.
Sandford, J.
The plaintiff makes several objections to the form in which the defence was presented and urged. We will consider them in their order.
I. Part of the answer putting in issue the sale to the defendant, sets up one defence, and if any other were intended, it should have been stated separately. This is amplified by insisting that the manner in which the subsequent defence is pleaded, does not sufficiently show an intent to raise an objection on the ground of a non-joinder of the defendant’s copartner ; that if properly pleaded, the defence would allege in terms that the *216 copartner ought to be made a party, or would cóútáí'n' a:,pfayéf that the complaint be quashed.
' As to all this, the code • requires' séparate defeiicés to ■ be' separately stated ; but wé apprehend this means nothing more'' than that there shall be “a plain and concise statement of any nfew matter constituting a defence.” Each statement intended as a defence, must be complete in itself; but the code does not réqñire any formal commencement or conclusion' of such statements. On the contrary, the whole spirit of the code is'hostile to" both; There is no occasion for the answer to contain any prayei; for relief, or to demand relief, where hone "is'sought by the defendant. Here the defence was to the plaintiff’s ‘c'laitii'; it made’no-' affirmative claim on the part of the defendant, ■ and all he desired was to prevent the plaintiff from recovering a judgment against him. Nor is it necessary", after inserting in ah' answer a statement, which shows that thé plaintiff ought not to recover,to*accompany it with the reason ; as in this instance, because he had omitted to bring before the court the necessary parties."
We think that this answer sufficiently shows the intent tor rely upon the objection of nonjoinder. Where a fact is stated in a pleading, which of itself constitutes a cause of action, or a defence to the action, the intent to rely upon it is a necessary inference. No allegation to that effect is requisite, either iií a complaint or answer. Here, the defendant, after traversing'the salé to himself, which made one complete defence, stated as a distinct and positive" fact, that‘if the goods in question were purchased of the plaintiff, it was by the defendant, and one Rogers, as partners, and that Rogers is still living. This fact constituted another separate and complete ground of defence, and ■vfe think it was sufficiently' pleaded.
2. It is objected that; after taking issue on the principal-fact in the complaint, it is too late to allege matter in abate-: ment. This is clearly an error. If the matter in abatément constitute a defence, it must be stated-in: the answer. There, cannot,be two answers1,'and the answer may set forth as many: grounds of defence as: the defendant shall have. (Code of Proc. §-‘ 150.) A defect óf parties, apparent in the complaint,' iáground of demurrer : if not so apparent, it may be set up in; the añswer. (Code,- 144, Aid. 4/ and § 141.)
*217 3. The objection to the recovery, it is said, should have been taken by motion, under section 154 of the code. It is probable, the defendant might have made this motion, but his omission did not alter the case made by the pleadings, or create any bar to his relying upon it, whenever the plaintiff moved in the cause. We do not say, that he ought to recover costs, when he prevails at the trial upon a ground which was available to him on such a motion. But a judgment entered upon a trial, in the face of an admission by the pleadings, showing that there ought to be no such judgment, would be erroneous, and, of course, the objection, if made at the trial, ought to prevail. In this case, the plaintiff proved on the trial the fact set up in the answer, and therefore established the latter, even if the omission to move for judgment be deemed to be an admission that the fact was in issue.
This brings us to the substantial point in the case—Can a defendant, sued alone on a contract, set up as a defence, that hiscopartner, equally liable with himself, is not joined as a party defendant ?
After considering the question, with the benefit of a consultation with our brethren, who all concur with us, we think that fhis constitutes a defence.
It is not denied, that before the code, when properly pleaded, it was a perfect defence to any recovery, in the action against the parties sued. What was a defence before the code, is still a defence, except in the instances where the code itself, has altered the law. The plaintiff relies upon section 122, as having, made this alteration, in the provision that the court may determine any controversy between the parties before it,, when it can be done without prejudice to the rights of others, &c.
It is quite apparent that the rights of other partners might be prejudiced by the omission to make them parties, as where they have paid the debt sued, or have some other defence to the claim, of which the partner sued is ignorant, or chooses not to avail himself. In the event of a judgment against him, and its collection, the amount of it becomes a proper item of account between him and his copartners, and they cannot avoid its allowance by proving that the recovery was wrong and unjust, *218 nor in any mode short of proof of bad faith in their partner, against whom it was recovered.
It will often be a serious prejudice to a joint debtor, sued alone, to be compelled to pay the whole debt, and resort to his associate debtor for contribution. Partners after a dissolution, are merely joint debtors, and after a settlement between themselves, stand precisely in the same relation, in respect of their outstanding liabilities. The same reasoning that is applicable to joint debtors, will apply to such partners, and the same rule of practice, it is believed, must be applied to partners, both before and after dissolution.
There are some provisions in the code, which indicate that there was no intention to change the rule of law requiring all joint contractors to be sued together. We refer to sections 136, 375, 397, the second sentence of section 274, and the portions of sections 144 and 147, applicable to a defect of parties. No serious inconvenience can result to plaintiffs, by requiring them to make all the joint debtors parties defendant in a suit upon contract. If they are ignorant of the debtors’ names, as may often- happen in suits against a partnership, they can, by an amendment, made of course and without costs, bring in the omitted partners, on their names being disclosed by the answer of those who were sued.
In this case, the plaintiff was informed by the answer, that Rogers -was jointly liable for his demand, if any he had, and he should have amended, instead of going to trial with that fact admitted.
The judgment in his favor must be reversed, and unless he will amend, so as to make Rogers a party, his complaint must be dismissed.