By the Court. Duer, J.
The demurrer to the complaint, we think, is well taken.
Whether the instrument, by virtue of which the plaintiffs aver that they became entitled to the possession of the vessel, is or is not a mortgage, is plainly a question of law, which it belongs to the court to determine; and to enable the court to, determine it, the complaint ought to have set forth, if not the whole instrument, at least those provisions which are relied on as giving to it the character of a mortgage; in other words, of an instrument vesting in the plaintiffs a legal right to the possession which they claimed. In calling the instrument a mortgage, the plaintiffs substitute their own opinion, or that of their counsel, for the judgment of the court. The safest course, under the Code, where the action is founded on an instrument in writing, is to annex a copy and refer to it as a part of the complaint.
The next objection is perhaps still more evidently fatal. The complaint admits that before the plaintiffs became entitled to the possession, the vessel had been seized and taken possession of under an attachment issued at the suit of the defendants under the laws of Connecticut, but does not show, nor even aver, that the attachment was irregular and void, either absolutely or as against the plaintiff; and, if not, the defendants were entirely justified in their refusal to comply with the demand of the plaintiffs that they would deliver to them the possession of the vessel, or authorize its delivery by the constable. Nor does it appear that they could have given any order to the constable which he would have been bound to obey. Primé facie, an *354 order of the court from which the attachment issued was necessary to discharge it, and until it was discharged, it was the duty of the officer to retain the possession, which it doubtless enjoined him to keep.
It is true that the complaint concludes by averring that the defendants unlawfully converted the vessel to their own use, but as the averment is not warranted by the facts that precede it, it is wholly immaterial.
The complaint has throughout the usual defects of substituting conclusions of law for the facts, which ought" to be so clearly and fully stated as to enable the court to draw the proper conclusions—that is, to say whether they do, or do not, constitute a cause of action.
The order overruling the demurrer is reversed and the defendants are entitled to judgment, but the usual liberty to amend, upon payment of costs, is given to the plaintiffs.