## DEPEW a. LEAL.

*New York Superior Court; General Term, September*, 1855.

REQUISITION FOR DELIVERY OF SPECIFIC PERSONAL PROPERTY.—
REQUISITES OF PLAINTIFF'S AFFIDAVIT.

Where plaintiff claims the delivery of specific personal property, by virtue of
a special property therein, the facts in respect to such special property must be
so shown in the plaintiff's affidavit that the court can say that upon those facts
a special property and right of possession is made out;—and where the evi-
dence of the facts relied on rests in a writing, that should be set out as the
basis of the conclusion that the alleged special property exists.

Where the affidavit is deficient in this respect, the court have power to allow
additional affidavits to be read on a motion to set aside plaintiff's proceedings.

Where plaintiff, in his original affidavit, alleged that he was entitled to the pos-
session of property claimed, by virtue of certain articles of co-partnership, but
did not set out the articles,—*Held*, on motion to set aside the proceedings, that
he might be allowed to file a supplemental affidavit, supplying the defect.

Appeal from an order at special term, refusing to set aside
plaintiff's proceedings in an action of claim and delivery.

This was an action to recover the possession of specific per-
sonal property,—fire-crackers, wine, india-rubber, &c. The
affidavit of the plaintiff, in support of his requisition, omitting
some descriptive phrases, introduced merely for the purpose
of identifying the property claimed, was as follows:—

TITLE OF THE CAUSE.

*City and County of New York, ss.*

William Depew, plaintiff in this action, being duly sworn,
says that he is the *owner* of five hundred dollars worth of
Chinese fire-crackers, situated in the fourth story of number
135 Pearl-street, * * * , and also of a quantity of Canary
wine, in a quarter-cask and in a demijohn, in said fourth-
story.

That deponent is *entitled to the immediate possession* of sev-
enteen barrels and two bags of india-rubber, * * * and of a
quantity of india-rubber, in sheets,—also, of a quantity of
Para Amatto,—also, of a quantity of wine * * * .

That the actual value of said crackers is $500—that the actual value of said india-rubber is $1600—that the actual value of said wine is $1200; that the actual value of said Amatto is $200—that the actual value of said wine in said quarter casks, is $20, and that the actual value of said demijohns is $5 ; that all the values of said property are according to deponent's *best information and belief*.

That the said property has not been taken for a tax, assessment or fine pursuant to a statute, or seized under an execution or attachment against the property of the plaintiff, and that the actual value of said property, *according to the best knowledge and belief* of this deponent, is as above stated.

That deponent is *entitled to the possession* of the property of which he has above claimed the right to possession, *under and by virtue of written articles of copartnership* between him and said Leal, which copartnership existed before and was dissolved on the 30th day of December, 1854; that said property of which deponent claims to be entitled to immediate possession, belonged to or was consigned to said copartnership of Depew and Leal formed by said articles of copartnership, and that by said articles of copartnership on the dissolution thereof this deponent was and is entitled to the possession of all the property, books and assets of said copartnership, and to settle up said copartnership—that said property owned by deponent as aforesaid, and to the possession of which he is entitled as aforesaid, is wrongfully detained from deponent by said defendant Leal, and that the only pretence and cause of such detention, *according to deponent's knowledge, information and belief*, is, that said Leal claims that there is money due from deponent to said Leal; but deponent denies that any money is due from him to said Leal.

JURAT.                                    WILLIAM DEPEW.

The defendant moved at special term, on the plaintiff's affidavit only, to set aside the plaintiff's proceedings. The motion being denied, he appealed to the general term.

*W. H. Taggard*, for appellant.—I. The affidavit of plaintiff does not show the alleged cause of detention of any of the

property mentioned, according to the *best* knowledge, information, and belief of the plaintiff. (*Code*, § 207, *subd.* 3). The legislature attached importance to the word "best." In the verification of pleadings only knowledge, or information and belief is required to be alleged. But in a provisional remedy, where specified matters amounting to conclusions of law rather than facts are required to be set forth to give a merely executive officer, as, in replevin, a sheriff, jurisdiction and authority to do an arbitrary act entirely *ex parte*, something more was required. Hence the requirement to swear to the best knowledge, best information, &c., since the copulative conjunction, "and," is used in making the word "best" alike applicable to knowledge, information, and belief.

II. The plaintiff's affidavit does not show the "actual value" of the property except upon information and belief; whereas the Code requires a positive and absolute statement. (*Code*, § 207, *subd.* 5). The words of the Code are, not the "value," but the "actual value." And where a plaintiff can estimate the property claimed as highly as he pleases, and necessitate the defendant, in order to prevent a delivery, to give bonds in *twice* the amount stated in plaintiff's affidavit, (*Code*, § 211), the court should require a strict observance of the statute.

III. At all events, the affidavit of plaintiff does not show that the plaintiff is "lawfully entitled" to the possession of that part of the property mentioned, of which he does not claim to be the "owner." (*Code*, § 207, *subd.* 1). 1. It is not alleged in terms that plaintiff is lawfully entitled as the Code requires. 2. No facts are stated, showing that he is lawfully entitled, but merely a conclusion of law, that by certain alleged articles of copartnership plaintiff was entitled to the possession. No clause from any articles of copartnership is set forth giving such a right of possession, nor are the articles themselves set forth. (Fairbanks *v.* Bloomfield, 2 *Duer*, 349; Gihon *v.* Levy, *Ib.*, 176). 3. An agent generally could have no sufficient "special property" to support such a claim as is made here. (McCurdy *v.* Brown, 1 *Duer*, 101). Nor did Leal constitute, on dissolution of the firm, any such special agency in his partner by virtue of the articles, as gave Depew a special property. (Napier *v.* McLeod, 9 *Wend.*

120). 4. It does not appear that Depew was after dissolution to be the sole owner as well as possessor, or that he was to carry on the business on his own account, or how the business was to be wound up, whether by sale and division, or either partner to take, at a valuation; and all that is claimed is a bare right to possession without the transfer of any interest whatever.

*R. W. Townsend* for Respondent.—I. The affidavit of plaintiff is sufficient in all respects. It states that the property of which possession is claimed, belonged to the partnership or was consigned to it by others, and the custody and possession of it in either case, belonged to the firm before the dissolution, and, by the partnership articles, plaintiff, after the dissolution, was entitled to the custody and possession of the property.

II. The crackers and the wine in a quarter cask and demijohns are absolutely owned by plaintiff, as the affidavit shows, and the same are therein alleged to be wrongfully detained and value of them and the cause of detention are sufficiently set forth, and as to all this, the defendant's motion must fail, even should the Court decide that the affidavit is defective as to the property of which plaintiff only alleges himself to be entitled to possession without alleging ownership.

III. Plaintiff has a right to amend his affidavit by a supplemental affidavit, and to do so on defendant's motion to set aside plaintiff's proceedings. (*Code*, §§ 173 and 174; Spalding *v.* Spalding, 3 *How. Pr. R.*, 297; Hyde *v.* Patterson, 1 *Abbotts' Pr. R.*, 248; Stacy *v.* Farnham, 2 *How.*, 26; Cutler *v.* Rathbone, 1 *Hill*, 204; 19 *Wend.*, 632). And plaintiff offers a supplemental affidavit, showing his right to possession of all the property and all the statute requires to enable him to take the property. The Code does not contain a perfect system of practice in replevin, and the former practice must be resorted to in some respects. (Wilson *v.* Wheeler, 1 *Code Rep. N. S.*, 402; 6 *How. Pr. R.*, 49; Brockway *v.* Burnap, 16 *Barb.*, 309).

And therefore the above cases from Hall and Wendell are in point, though before the Code. Plaintiff offers his undertaking and has his written articles of copartnership before the Court.

Depew *a*. Leal.

Hoffman, J.—We do not consider the points of the defendant, as to the omission of the word *best* in the affidavit, applicable to his knowledge and information, nor as to the valuation of the property, well taken.

The point as to the sufficiency of the affidavit upon its merits, presents the material question :—

1. The action is one of claim and delivery of goods. The plaintiff, as to certain parcels of the property worth $500, swears distinctly to an absolute ownership ; and so far his proceedings are unobjectionable. A question might arise whether, if the affidavit is insufficient as to the other parcels of property and cannot be remedied, the whole must fall or be sustained in part. This question will not, however, arise if the amendment suggested may be allowed.

The affidavit as to the other parcels states, that " the deponent is entitled to the immediate possession of seventeen barrels of India rubber, &c., that he is entitled to the possession of the property of which he has as above claimed the possession, under and by virtue of written articles of copartnership between him and said Leal, which copartnership existed before and was dissolved on the thirtieth day of December, 1854 ; that such property, of which the defendant claims to be entitled to immediate possession, *belonged to, or was consigned to, said copartnership*, of Depew and Leal, formed by said articles of copartnership, and by said articles on the dissolution thereof, this deponent was, and is, entitled to the possession of all the property, books and assets of said copartnership."

It is plain that the case falls within the last clause of the first subdivision of section 207. The plaintiff is to show in his affidavit that he is lawfully entitled to the possession of the goods claimed *by virtue of a special property therein.* In such a case, *the facts in respect to such special property* and right of possession must be set forth.

We understand the phrase of the affidavit, " that the property belonged to, or was consigned to said copartnership," to mean that some of the goods were owned, and some consigned, and that he cannot discriminate between the parcels. This is somewhat indefinite, although we do not consider it a fatal defect.

The substance of the affidavit is that the plaintiff is entitled as against his copartner to the exclusive possession of the property, by virtue of the articles of partnership between them, upon the dissolution which has taken place. It is obvious that the plaintiff then adjudges for himself that the articles do contain such an authority. We consider that this does not meet the requirement of the section. The facts should be so shown, as that the court can say, upon these facts, and the best apparent evidence of these facts, that a special property and right of possession is made out. If it appears that the evidence of the facts rests in a writing, that must be set forth as the true basis of the conclusion. The substituted conclusion of the plaintiff himself will not do.

The cases of Fairbanks v. Bloomfield, (2 *Duer*, 349), and of Gibson v. Levy, (*Ibid.*, 176), although cases of the sufficiency of a pleading, contain the principle which we think should govern the present case.

2. The plaintiff now asks for liberty to file an amended or supplemental affidavit, chiefly to set out the articles of copartnership, and to explain how the property came into the hands of the firm, more fully to show the nature of the special property. The Judge at Special Term gave permission to produce upon the hearing of the appeal any papers which could have been legally read on the motion. The articles, and the affidavit so far as it authenticates the articles, and as it details the mode and circumstances under which the property was received and held, would have been properly at Special Term as the foundation of such an application as is now made.

We have examined the cases referred to upon the right of the Court to allow an amendment of, or an addition to, the affidavit in such an action. (Spalding v. Spalding, 3 *How. Pr. R.*, 297 ; Stacy v. Farnham, 2 *Ib.*, 26 ; Cutler v. Rathbone, 1 *Hill*, 204 ; Harnley v. Bates, 19 *Wend.*, 632). We are satisfied that the Court has such a power ; and also that the proposed additional affidavit may be used in opposing the motion to set aside the proceedings. (Chickman v. Chickman, 3 *How.*, 365). This power may be properly exercised in a case where what is to be supplied is an instrument referred to in the original affidavit, and matters purely explanatory of the facts therein

stated, introducing no new substantive matter. The copy of the articles, and an affidavit in place of the one tendered on the argument, setting forth the details as to ownership and consignment of the goods, may be annexed to the original affidavit and filed with the sheriff, with a copy of the order to be entered herein.

III. Assuming that the articles of partnership are before the Court, the question which arises upon them is this: Whether their operation is such as to vest in the plaintiff a special property under which he is entitled to the possession. The plaintiff and defendant, while partners, had a mutual and co-equal possession and title. By the articles of partnership "it is expressly agreed, that at the expiration of one year, or other sooner or later termination and dissolution of the connection in business between the parties, the said Depew alone shall have and be entitled to the possession of the assets and property of said business and of the copartnership hereby created for the purpose of settling the debts and liabilities of the parties hereto in such business, and shall have the sole right to settle that business."

We consider that this is an absolute relinquishment of all right of possession, which the other partner, the defendant, had to the property, and a transfer of it, and of the legal title to it exclusively to the plaintiff. The object for which it was given, viz. the payment of the debts, cannot qualify this transfer. The defendant had still such an interest in the property as would have warranted his interference to prevent a misappropriation; but it was essential for carrying out the intent that the plaintiff should settle up all the business, to give him an unqualified right of possession and disposition. We consider that the case is fairly within the language of the Code; that the plaintiff did acquire a special property in the goods of which the firm was not the absolute owners, and thus was lawfully entitled to the possession—as to the other articles, he became by force of the same instrument, the owner within the section referred to. The order will be that the plaintiff have liberty to add a supplemental affidavit, and annex it to the original, setting forth a copy of the articles of copartnership, and also substantially the statements as to the possession of

the property contained in the affidavit submitted, such affidavit to be submitted to one of the judges, and upon the same being done, that an order be entered dismissing the appeal, but with ten dollars costs of the motion to the defendant.*

HURLBUT *a.* SEELEY.

*Supreme Court, First District; General Term, October,* 1855.

ATTACHMENT.—WHAT CONSTITUTES NON-RESIDENCE.

Where defendant left the State of New-York, and remained in Hudson, Wisconsin, nearly a year, and established himself in business there, but intended, *even should it prove successful,* to leave it in the care and management of a clerk, and return to his residence in this State—*Held,* that he was not a non-resident by reason of this absence.   An order at Special Term vacating an attachment which had been obtained against him, was affirmed.

---

* In the above suit, the defendant having only appeared conditionally for the purposes of the motion, the plaintiff, having previously paid the costs and furnished the supplemental affidavit ordered by the general term. after the expiration of the twenty days, applied, without notice to the defendant, to Mr. Justice Bosworth, at special term. for final judgment by default.  He urged, that as by the default of defendant, all the facts alleged in the complaint were admitted, he had a right to judgment without either a reference or a writ of inquiry.  Mr. Justice Bosworth, after consulting with Mr. Justice Duer, held that there should either be a reference or writ of inquiry, or the court should itself take proof of the facts stated in the complaint.   The plaintiff then, before Justice Bosworth, offered a witness, and proved the statements of the complaint, and his honor made his decision in writing, reciting that the *Court* had taken proof of the facts, and directing the clerk to enter the usual judgment in replevin.   This was done, and the whole action was at an end.

Subsequently, in the Supreme Court, in the case of Gale *a.* Rubbins and Hertz, which was an action to recover possession of a piano forte, the summons being served on Hertz only, from whom the sheriff took the piano ; the plaintiff, after the lapse of twenty days, applied before Justice Mitchell for a separate judgment against Hertz.   The judgment was rendered without either reference or writ of inquiry; Mr. Justice Mitchell taking testimony enough to make out a *prima facie* case for the plaintiff, and ordering judgment against the defendant Hertz, which was thereupon entered.

In neither of these cases, as we are informed, was the complaint served with the summons and copy of the affidavit and undertaking.

The advantages of pursuing the course above indicated, are the saving of referees' and jurors' fees, and what is often still more important, the saving of the time required by a reference or writ of inquiry.