MARY HATFIELD, executrix of William B. Hatfield, *v.* JERONI-
MUS A. SECOR and JOHN D. SECOR.

No appeal lies from an order at special term refusing leave to amend, unless a cer-
tificate of the judge making the order is obtained, pursuant to rule of this court,
adopted 22d March, 1851. Applications for leave to amend are in all cases ad-
dressed to the favor of the court.

APPEAL by defendants from an order at special term, denying
a motion for leave to amend an answer. This action was brought
to recover a sum of money alleged to have been loaned to the
defendants by William B. Hatfield, in his lifetime. The origin-
al answer denied the loan of money, and averred that William
B. Hatfield agreed to enter into a partnership with the defend-
ants, and that the money so advanced to them was advanced as
part of his contribution to the capital stock of the partnership,
and that he failed to complete his agreement, to the defendants'
damage $20,000. After the cause was upon the day calen-
dar, D. &. T. McMahon were substituted as defendants' attor-
neys, and moved at special term to amend the answer, by strik-
ing out the allegation as to damage, and averring that the money
was a part of partnership assets belonging to the three, and liable
for the debts of the firm; that there were a great number of
debts still due and unpaid, and that they were always ready and
willing to account to said Hatfield, or his representative, for his
interest in the firm, in a proper action brought for that purpose.
The motion was denied, and the defendant appealed.

*D. McMahon,* for the appellants.

I. The judge erred in treating the allowance of amendment as
a matter of discretion. It is strictly a matter of right. When
the court grants an amendment, the order is not, *per se,* appeal-
able. But the refusal to grant an amendment, where proper, is
appealable. *Travis* v. *Barger,* 24 Barb. 626; Code, § 349, sub.
3; § 173; 2 Rev. Stat. 424, § 2.

II. The judge erred also in determining upon the merits of the amendment on the motion. That can only be done by the trial of the cause in the mode pointed out by law.

III. Amendments have been granted even after verdict—when the effect of the amendment is to set aside the verdict in a very meritorious case, and to set up a perfect bar to the action. A remarkable case of the admission of that right, which was not then allowed, is reported in *Travis* v. *Barger* (24 Barb. 626, 627). It is rather late at the present day, after the passage of the Code, to argue a strict construction of the power of amendment. *Burnap* v. *Halloran*, 1 Code Rep. 51; *Chapman* v. *Webb*, 1 Code Rep. N. S. 388; *Bradley* v. *Hover*, 7 How. Pr. Rep. 294; *Spalding* v. *Spalding*, 1 Code R. 64.

IV. There was no pretence of laches in moving for this amendment. *Corning* v. *Corning*, Code Rep. N. S. 351; *same case on appeal*, 2 Selden, 97; *Bradley* v. *Hover*, 7 Pr. Rep. 294.

*H. B. Cowles*, for the respondent.

BRADY, J.—Amendments are in all cases matter of favor, and not of strict right (Graham's Pr. 669, 2d ed.), and being addressed to the discretion of the court, no appeal can be taken from the order made on applications therefor (*St. John* v. *West*, 4 How. Prac. Rep. 331; *Seeley* v. *Chittenden*, 10 Barb. 303; *Tullman* v. *Hinman*, 10 How. 90; *Tracy* v. *New York Steam Faucet Co.*, 1 E. D. Smith R. 357, citing and approving *St. John* v. *West*, supra), unless the certificate of the presiding judge at special term is procured, as provided by rule of this court of March 22d, 1851; which was not done in this case.

Appeal from the order of the special term dismissed, with costs.