McCunn, J.
This action was brought to recover money lost at gambling, and is based on the fourteenth section of article 3, title 8, chapter 20, Revised Statutes. The section is in these words: “ Every person who shall by playing at any game or by betting on the sides or hands of such -as do play, lose.at any time or sitting, the sum or value of twenty-five dollars or upwards, and shall pay or deliver the same or any part thereof, may, within three calendar months after' such payment or delivery, sire for and recover the money or value of the things so lost, and paid and delivered from the winner thereof.” (1 R. S. 662, § 14.)
The complaint contains no averment that, of the money sought to be recovered, “'¡$25 or upward” was lost .at a■ sitting. The defendants say this is a fatal omission, and move accordingly to dismiss the action. As the point raised by the motion appears not to have been judicially determined in any reported case, I have bestowed unusual thought on the question; and the result of my deliberation is that the defendants assume a tenable ground, and that the complaint exhibits no cause of action. It is a fundamental and familiar rule of pleading that every substantive fact necessary in law to the maintenance of the action must be covered by an appropriate averment in the declaration or complaint. (Bac. Abr. Pleas. A. (Gould’s Pleading, 49.) The Supreme Court of the United States thus propound the principle: “Where any fact is necessary to be found on the trial in order to sustain the plaintiff’s right of recovery, the declaration or complaint must contain an averment of such fact in order to let in proof of the fact. (Bank of the United States v. Smith, 11 Wheat. 171.) In our own practice the rule is not relaxed, and it is settled law under *92 the Code that ‘ every fact which the plaintiff must prove, and which the defendant has a right to controvert in his answer, must be distinctly averred in plain, concise and direct language.’” (Garvey v. Fowler, 4 Sandf. 665. Fay v. Grimsteed, 10 Barb. 321. Bridge v. Payson, 5 Sandf 210. Stoddard v. Onondaga An. Conference, 12 Barb. 573.) The reason of this rule is too obvious to require illustration.
Now, in the case before us, it will no.t be denied that the loss of “ $25 or upward at a time or sitting ” is essential to the plaintiff’s right of recovery. The statute gives him no right of action for the recovery of a less sum lost at a single sitting. The only allegation of loss in the complaint is .that “ on or about the 13th of September, 1865, the defendants won at gaming,” &c. This is a formula of statement usually employed to cover an indefinite period of time, and cannot be construed as equivalent to an allegation that the plaintiff lost $25 or upward at a sitting. Hence the complaint omits an essential averment, and so is fatally defective.
At common law no action lay for money lost at gaming. The spirit of that gentlemanly system of jurisprudence would not tolerate the idea that a man, after taking the chance of winning, should come into court and demand restitution of his loss. He was excluded from the benefit of its process by the maxim, in pari delicto potior est conditio defendentis. But early in the reign of Queen Anne a statute gave the loser a right of action for his money, and that statute was the original of our own enactment. But few cases under this law are reported in the English books, for the reason that few persons have been willing to expose themselves to the odium of endeavoring to reclaim in court, what they had fairly lost on an equal hazard. However, in 2 Strange, (1079;) 2 W. Black (1226;) 2 H. Black (308,) and 2 Vesey, (514,) I do find cases arising under this statute; but in none is it controverted that the declaration should contain an averment of every fact' which the law makes essential to the plaintiff’s right of recovery. On the *93 contrary, the necessity of such averment is assumed as a postulate. On reason and authority the complaint in this action is fatally defective.
Creo. W. Paine, for the appellant. •
I. The complaint alleged the loss of $861. The fair presumption from its language is, that it was at one time. To establish the theory of the defendants, the court must presume that it was lost at, at least, thirty-five different times. The complaint should be construed liberally, with a view to substantial justice. CCode, § 159.) Denio, J. in Zabriskie v. Smith, (3 Kern. 330.)
The defendants having gone to trial without moving, under section 160 of the Code, to make the complaint more definite and certain, the complaint is now to he construed most strongly against them. (Wall v. The Buffalo Water Works Company, 18 N. Y. Rep. 119.)
II. It is sufficient, in an action of this kind, without setting forth the special matter, to allege that the defendants were indebted to the plaintiff in the sum lost, whereby an action accrued to the plaintiff, according to the provisions of the statute against betting and gaming. (3 R. S. 5th ed. 633, §§ 1, 2. Betts v. Bache, 23 How. Pr. 197.)
I cannot permit the plaintiff to amend. In this particular the Code invests the courts with a very liberal discretion, but it prescribes the one restriction, which is that the amendment must be in furtherance of justice. I cannot see how justice would be promoted by enabling a person to recover money which he had fairly staked and lost, when, if he were winner, he would indisputably pocket his gains. I will administer the law when a suitor brings himself under its operation, hut I will not strain its construction for his benefit. The plaintiff here is clearly entitled to no indulgence.
Judgment of dismissal was accordingly entered, and the plaintiff appealed.
*94 PH. In case the court come to the conclusion that the complaint was not sufficient, then the plaintiff should have leave to amend. The reason given by Justice McCtjnx in his opinion, why an amendment should not be permitted, is not a valid one. The legislature have created the right of action to recover money lost at gaming, and the court is not to judge of the policy of the law. This case should be treated as liberally as other causes of action. (See remarks of Johnson, J. in Catlin v. Gunter, 1 Kern. 375.)
Roger A. Pryor, for the respondents.
I. The forms and sufficiency of pleadings are determined by the Code, and by no other criterion. {Code of Procedure, § 140.) It propounds as an absolute requisite and property of every complaint, that it contain a statement of the facts constituting a cause of action. (Code of Procedure, § 142, subd. 2.)
H. The complaint does not contain facts constituting a cause of action.
I. The plaintiff’s statement of his case, must allege every fact which he must prove on trial in. order to a recovery, and every fact which the defendant has a right to controvert. (Bacon’s Abridgement “Pleas,” A. Com. Dig. Pleader, C. Gould’s Plead. 49. Williams v. Wilcox, 8 Adol. & El. 314. Bank of the U. S. v. Smith, 11 Wheat. 171. Allen v. Patterson, 3 Seld. 478. Merwin v. Hamilton, 6 Duer, 344. Garvey v. Fowler, 4 Sand. 665. Fay v. Grimsteed, 10 Barb. 321. Bridge v. Payson, 5 Sandf. 210.) Facts, not legal conclusions, must be alleged. (Hatch v. Peet, 23 Barb. 575. City of Buffalo v. Holloway, 7 N. Y. Rep. 493. Hall v. Southmayd, 15 Barb. 38. Fairbanks v. Bloomfield, 2 Duer, 349. Brown v. Buckingham, 21 How. 190. Smith v. Lockwood, 13 Barb. 209. Leinan v. Lincoln, 2 Duer, 670.)
2. In an action which did not lie at common law, and which is founded exclusively on statute, the complaint must contain a positive allegation of all the facts made essential *95 by the statute to the support of the action. (Com. Dig. Action on Stat. A, 3 ; Pleader, C, 6. Spieres v. Parker, 1 T. R. 141. Butt v. Howard, 4 B. & Al. 654. Cole v. Smith, 4 John. 193. Brown v. Harmon, 21 Barb. 510. Freeman v. Fulton Fire Insurance Co., 38 id. 247. Schroeppel v. Corning, 2 Comst. 133. Morrell v. Fuller, 7 John. 402.) This action did not lie at common law, but is founded exclusively on section 14, article 3, title 8, chapter 20, of the Revised Statutes. (Moses v. McFerlan 2 Burr. 1009. Webb v. Bishop, Bull. N. P. 132. Browning v. Morris, Cowp. 790. Smith v. Bromley, 2 Doug. 696. n. Clark v. Shee, Cowp. 197. Meech v. Stoner, 19 N Y. Rep. 26. Fowler v. Van Surdam, 1 Denio, 557. Bevins v. Reed, 2 Sandf. 437. Weyburn v. White, 22 Barb. 82.)
3. The statute on which this action is based, prescribes three facts as indispensable to the maintenance of the action, in the absence of either- of which the action fails. First, that the money was lost at gaming or" betting, and has been actually paid. Secondly, that the action was brought-within three calendar months after payment. Thirdly, that the loss amounts to $25 at a time or sitting. If the complaint fails to aver either of these facts, it is fatally defective. (2 Chitty on Pl. 495. 4 Rob. Pr. 162. Lynall v. Longbothom, 2 Wil. 36. Taylor v. Williams, 3 Bing. 448. 1 Bligh, 415. Brandon v. Pate, 2 H. Black. 308. Bones v. Booth, 2 Black. 1226. Spieres v. Parker, ubi supra. Robinson v. Bland, 1 W. Black. 234. Turner v. Warren, 2 Strange, 234.) The complaint omits every essential • averment, in not alleging, first, that the money lost was actually paid; secondly, that the action was brought within the time limited by law; and thirdly, that the plaintiff* lost $25, or upward, at a time or sitting.
IV. The form of declaration propounded by section 2 of the Revised Statutes, 5th edition, 633, does not avail to support this action.
1. The general object and effect of the Code is to substi *96 tute for the formal and technical system of pleading, formerly prevalent, a short, simple and popular method. The form of declaration prescribed by section 2 of the Revised Statutes, page 633, is purely arbitrary and technical, and so is repugnant to the spirit and operation of the Code. (Garvey v. Fowler, 4 Sandf. 665. Fay v. Grimsteed, 10 Barb. 321. Bridge v. Payson, 5 Sandf. 210)
2. Section 140 of the Code abolishes all the forms of pleading theretofore existing, with certain exceptions, (§ 171,) among which the form given by section 2, page 633, of the Revised Statutes is not included. (Garvey v. Fowler, ubi sup. Fay v. Grimsteed, Id. Bridge v. Payson, Id. § 471 of the Code of Procedure, with note b, p. 835, Voorhies' ed. Morehouse v. Crilley, 8 How. 431. People v. Bennett, 5 Abb. 384.)
3. Section 142 of the Code prescribes absolutely what in every case a complaint shall contain, viz. a statement of the facts constituting a cause of action. The statutory form of declaration, in this case, does not exhibit facts constituting a cause of action.
4. Section 140 of the Code declares that the forms of pleading, and the rules by which the sufficiency of pleadings is to be determined, are those prescribed by the Code. In opposition to this provision, it is not admissible to set up a different form and rule of pleading previously prescribed by statute.
5. The complaint in this case does.not conform to statutory requirement. It omits to aver that the money was received by the defendants. This allegation is necessary, (Betts v. Bache, 23 How. 200.)
Y. The complaint omits otherwise to exhibit a cause of action, in not alleging a. failure by the defendant to refund. It avers a demand, but no refusal. An allegation of demand without an allegation of refusal, imports strongly there was no refusal. The complaint contains no averment of a subsisting indebtedness. For any thing that appears in the *97 complaint, the defendants have made restitution to the plaintiff. In assumpsit for money had and received, demand, and refusal is an essential averment, when the duty to pay does not exist until a demand has been made. (Phelps v. Bostwick, 22 Barb. 314. Walden v. Crafts, 2 Abb. 303. Baird v. Walker, 12 Barb. 298. Bushnel v. McCauley, 7 Cal. R. 421.) In this case there was no duty to repay until demand; for the plaintiff voluntarily parted with his money, and until demand the presumption is that he abides by the result of his wager, and wishes the defendants to retain the money. Volenti non fit injuria. (Broom’s Maxims, 249. Tompkins v. Barnet, Salk. 22. Bull. N. P. 131.)
VI. The matter of amendment is in the discretion of the court; and a denial of leave to amend, is not appealable, unless the denial be on the ground of want of power. (Macqueen v. Babcock, 13 Abb. 268. Saltus v. Genin, 19 How. 233. Hatfield v. Secor, 1 Hilt. 535. Russell v. Conn, 20 N. Y. Rep. 81.)
VII. But it does not appear that the plaintiff made application for leave to amend; and in fact, no such application was made.
By the Court, Garvin, J.
The article of the Revised Statutes against betting and gaming, enacts that “All wagers, bets or stakes .made to depend upon any race, or upon any gaming by lot or chance, or upon any lot, chance, casualty, or unknown or contingent event, whatever, shall be unlawful. And all contracts for, or on account of, any money or property, or thing in action so wagered, bet or staked, shall be void.” . (1 R. S. 662, § 8.) The 14th section of the statute provides: “ Every person who shall, by playing at any game, or by betting on the sides or hands of such as do play, lose at any time or sitting, the sum or value of twenty-five dollars or ^upwards, and shall pay or deliver the same, or any part thereof, may, within three calendar months after such payment or delivery, sue for and *98 recover the money or value of the things so lost and paid or delivered, from the winner thereof.” (1 R. S. 662, § 14.)
Without this statute, the plaintiff would have no right of action for the money lost and paid. By this statute the right of action is plainly given to the loser. Other enactments- prescribed the form of the declaration in different actions; one was in debt, another in assumpsit. (2 R. S. 663, §§ 1, 2.) , These distinctions have been abolished by the Code. (§ 69.)
It is contended by the plaintiff that the court erred in dismissing the complaint. This depends upon the construction to be given to the second subdivision of the 142d section of the Code, which requires a plain and concise statement in the complaint of the facts constituting a cause of action. The first of the sections of the Revised Statutes before cited, as to the form of the declaration, provides that “ it shall be sufficient for the plaintiff, without' setting forth the special matter, to allege in his declaration that the defendant is * * * indebted to the plaintiff in the sum so received, whereby an action accrued to the plaintiff according to the statute against betting and gaming.” (3 R. S. 5th ed. p. 633.) The second section provides, that “ it shall be sufficient for the plaintiff, without setting forth the special matter, to allege in the declaration that money was received contrary to the provisions of such statute against betting and gaming.” (Id.) Under the first section, the action was in form debt; under the latter it was in form assumpsit.
This complaint was apparently drawn to comply with such first section, in analogy to the action of debt before its abolition by the Code. Upon one of these two sections the plaintiff claims to stand. It seems clear that while certain enactments are abolished by the Code, others are only modified. Of the former are,
First. The declaration. -
Second. The old names and forms of action; and
Third. The forms of pleadings—provided such forms be •inconsistent" with the Code; thus the complaint is substi *99 tuted for the declaration, (so far as the protection of private rights and redress of private wrongs are concerned;), a ■general informal action in the place of all the old forms of suing a'defendant; anda plain and concise statement of facts constituting the cause of action, instead of any old forms of pleading, even although fixed by statute, if they are inconsistent with the Code. (See § 468.) This brings us to the statutory pleading under the first section of 3 Revised Statutes, 5th edition,. 633. The only allegations necessary under that section are, that the defendant is indebted to the plaintiff in the sum claimed by him, whereby an action has accrued to him, according to the statute against betting and gaming. This the statute declares sufficient, without setting out the special matter; or, in other words, without setting out the facts as they exist, and upon which the action must rest at the trial; or, in the language of the Code, the facts which constitute the cause of action. What are those facts ? The statute directs that every person who shall, by playing at any game, or by betting on the side or hands of such as do play, lose the sum of $25 or upwards, and shall pay or deliver the same or any part thereof, may sue for and recover the money from the winner; thus we are at no loss for the facts constituting this cause of action; they are losing money by playing at any game and paying or delivering the money; upon these facts he may sue for, and recover the money so lost and paid or delivered. I think the provisions of the first section changed and modified all, so far as they are inconsistent with those of the Code. It is possible if the complaint had been framed upon the second section, and in its language, it would have been good pleading. That requires an allegation that the money was received. If received by the defendants, it might be said it must have been paid; this, however, is not free from doubt. But it is not necessary to .pass upon the second section, inasmuch as the complaint is clearly drawn upon the first. Again, there is no allegation that the defendants received the money, which would be a fatal objec *100 tion to the complaint under the second section, without other equivalent allegations which it does not contain.
The complaint does not conform to the Code. The allegations omitted are that the money was lost, and paid or delivered to the defendants, whereby an action accrued. With this addition the complaint would have been good. Its material defect is not waived by the defendants’ answering. All other defects in the complaint are waived, so far as they apply to this case, excepting that of insufficiency of statement of facts to constitute a cause of action, (§ 148,) which may be taken advantage of upon the trial.
The statute gives the plaintiff a remedy; he must pursue the course fixed by law to attain it. If this course is not adopted, we cannot aid him. The defendants are to be made to respond in the way pointed out for the redress of private wrongs, and in no other. We cannot- go beyond the limits assigned us, by the authority under which we act.
This judgment should be affirmed, with costs.