Contended:
1. That a motion to set aside proceedings for irregularity must be noticed at once and before any further proceedings-have been had in the action by either side. 1 Whit. Pr., 444; 4 Wait’s Sup. Ct. Pr., 632.
2. The motion not having been made until after the three days had expired in which to reclaim the property or except to the plaintiffs’ sureties, the motion is too late. So held in order of arrest under the old Code before its amendment. Barker v. Dillon, 1 Code R. (N. S.), 206; 9 L. 0., 310.
In American Tool Co. v. Smith (32 Hun, 121), the record shows that the motion was made within three days.
2. If necessary, we ask leave to amend the affidavit. 1 Wait’s Sup. Ct. Pr., 745; 1 Whit. Pr., 445; 1 T. & S. Pr., 638; 1 Wait’s L. and Pr. ed. of 1865, 193; 1 Hill, 204; 2 Abb. Pr., 131; 3 How., 377; 2 How., 26; 8 Civ. Pro., 451, 453.
Williams, J.
This remedy by motion is not a common one, but seems to have been held a proper one. O’Reilly v. Good, 42 Barb., 521; Amer. Tool Co. v. Smith, 32 Hun, 121; McAdam v. Walbrau, 8 Civ. Pro., 451.
*373 In some cases it would be quite necessaxy to have the matter disposed of on a motion, without waitixig for the final determination of the action. In this case, however, no such necessity exists, and the motion having been delayed so long, the property has passed beyond the control of the plaintiffs, and they can not. well return it to the defendants if ordered so to do. The motion ought to have been made more promptly. The defendants have the uxxdertaking given by the plaintiffs to rely upon, and this motion seems, therefore, to have been practically unnecessary and useless.
The affidavit I should say was defective,. and if the motion had been made more promptly, would very likely have resulted in setting aside the papers and proceedings.
Under the circumstances, I think a proper disposition of the motion is to allow the plaintiffs to file, by way of an amendment, the affidavit used upon this motion, axxd the motion thereupon to be denied, without costs to either party against the other.